**In the Matter of the ESTATE OF Samuel T. HUMBER, deceased, et al., Appellants,**

v.

**Elmer S. BRANDHORST and Robert A. Hampe, Respondents.**

No. 48001.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 8, 1984.

Donald L. Allen, Lee's Summit, for appellants.

John T. Ahlquist, Robert A. Hampe, St. Louis, for respondent Brandhorst.

REINHARD, Judge.

The heirs and the administrator of the estate of Samuel T. Humber appeal from an order allowing administrator's pendente lite fees and attorney's fees. We affirm in part and reverse and remand in part.

Samuel Humber died in 1979. His will was admitted to probate in August, 1979, naming as co-executors his stepson, Frank Brandhorst, (son of the decedent's wife) and Elmer J. Brandhorst, Jr., son of another stepson. In March, 1980, the heirs of the decedent filed a will contest and Elmer Brandhorst, Jr. was appointed the sole administrator pendente lite (hereinafter administrator). He served in that capacity from March, 1980 until August, 1983. Frank and Elmer, Jr. were among the principal proponents of the will. After a trial, the judge set aside the decedent's will for lack of testamentary capacity. This judgment was affirmed by our court in *Fountain v. Schlanker*, 651 S.W.2d 594 (Mo. App.1983).

On January 25, 1983, the attorney for the administrator was allowed attorney's fees in the sum of $3,744.10. On April 5, 1983, the attorney filed a petition for additional compensation in the sum of $1,946.40 for the period of December 28, 1982 to March 28, 1983. On August 10, 1983, he filed a supplemental petition for additional attorney's fees in the amount of $1,249.60 making a total request for fees from December 28 until August 8, in the sum of $3,196.00. The unverified petition detailed the time and service performed for the estate during the period claimed.

On August 9, 1983, the administrator filed an amended petition for compensation requesting a total amount of $10,134.00 for services rendered and $1,600.00 for expenses. Numerous items of services were specified as well as itemized expenses.

The heirs filed objections to the request for attorney's fees and administrator's fees. A hearing was set. Subsequently, the attorney called the court stating he was unable to attend the hearing and requested the case be taken up on his petition. At the hearing, the heirs objected that the petition was hearsay. No evidence in support of the petition was presented. The court then received evidence as to the services and expenses of the administrator pendente lite. On September 26, 1983, the court entered an order granting additional attorney's fees in the amount of $1,847.50. On the same date, the court entered a separate order finding that the administrator had served from August 20, 1979 until August 12, 1983. The court determined that the administrator was entitled to 60% of the statutory fee and that he had "performed extraordinary services ... in caring for real estate in widely separate locations" and should be compensated for expenses in the amount of $1,600.00. The court entered an order in favor of the administrator for the total amount of $5,431.20.[1] This appeal ensued.

Relying on § 473.153.4, RSMo.Supp.1983, the heirs challenge the award of the administrator's fee. Subsection 4 provides:

Compensation properly allowable hereunder may be allowed to personal representatives or attorneys upon final settlement, or partial compensation upon application therefor, at any time or times during the administration. If the court finds that a personal representative has failed to discharge his duties as such in any respect, it may deny him any compensation whatsoever or may reduce the compensation which would otherwise be allowed. If the court finds that any attorney's services or actions in connection therewith are wrong, improper, or injurious to the estate, no attorney fee whatever shall be allowed.

The heirs assert that the administrator has failed to properly discharge his duties and is not entitled to any fee. They principally rely on *In re Estate of Alexander*, 360 S.W.2d 92 (Mo.1962) in support of their contention. In *Estate of Alexander*, the

---

1. The court indicated it settled on 60% of the statutory minimum "because there is still a considerable amount of administration to be completed and because Mr. Brandhorst's administration did not generate as much income as it could have."

Supreme Court reversed an award of fees where the record disclosed flagrant mismanagement, conversion of assets, failure to comply with and total disregard of the laws and breach of trust in the performance of the administrator's duties as a fiduciary. The heirs here assert three instances of the administrator's mismanagement and failure to properly discharge his duties which they assert should result in a similar fate: 1) the sale of the personal property of the estate to the administrator and his relatives; 2) the rental of real property to the administrator's sister and her husband; and 3) the compromise of a claim without court approval.

The first complaint of mismanagement deals with the sale of various items of personal property owned by decedent. Before the filing of the will contest, the co-executors obtained an order of the Probate Court authorizing the sale of the personal property at private sale at the most advantageous terms obtainable. They priced the property, tagged it, and then distributed sale bills within the general area of the sale. According to the administrator, much of the property was in extremely poor condition. The property was valued at around $1,600.00 and was sold for $1,577.20. No evidence was presented that this property was worth more than the value assigned. Some of the property was purchased by the administrator's relatives and some of the items were purchased by the administrator himself. Section 473.477, RSMo.1978, prohibits the purchase of any property belonging to the estate at either public or private sale by an administrator without the written consent of the distributees. No such consent was given here.

The second complaint involves the compromise and settlement of a purported claim against the estate by offsetting a note executed in favor of the decedent. The note referred to is described on the amended inventory as "Domingo L. Dasal Executed 5/8/79 Face Value: $8,966.54, Interest Rate 6%. Balance due $1,750.00." The balance due listed on the note in the original inventory was stated as "unknown." The only other reference in the

estate records is a credit in the amount of $1,750.00 for money received from Dasal. This would indicate that the note has been fully paid. However, the administrator testified that he never saw a note, but was aware of a trucking arrangement between decedent and Dasal. After decedent's death, Dasal sold the jointly owned assets for $3,500.00 and half of that amount, $1,750.00, was paid to the estate. The administrator testified that Dasal discussed filing a claim for $8,000.00 against the estate for repairs he had made to certain property. According to the administrator, though, no claim was ever filed. The administrator believed in essence that the entire matter was settled for receipt of the $1,750.00.

The final matter complained of is the administrator's failure to make an effort to collect the sum of about $1,900.00 which is due and owing the estate by the sister of the administrator and her spouse for a rental of real estate owned by the estate on Delor Street in St. Louis. The record revealed that the sister and her husband were renting this property at the time decedent died. The administrator admitted that he collected very little rent during the period of administration; he claimed that he had made some demands, but had not sought eviction or made any legal effort to collect same. He stated that during most of this time neither his sister nor her husband had been employed, that they were on food stamps and that suit would have been fruitless, costing more than could have been collected.

■■■ We believe that section 473.153.4, RSMo.1978, gives the trial court substantial discretion in determining whether to reduce or deny a fee to an administrator for misconduct. We conclude that based on this record the court did not abuse its discretion. It was improper for the administrator to have purchased property of the estate. § 473.477, RSMo.1978. However, the few items he purchased are still in his possession and can be returned. Relatives of an administrator are not prohibited from

purchasing property of the estate. *See Earney v. Clay,* 516 S.W.2d 59 (Mo.App. 1974). Moreover, there was no evidence that any property they purchased was sold for less than its value. As to the Dasal note, it is difficult to determine from the record before us that the estate is owed anything at all. However, we see nothing in the record which would bar the present administrator from pursuing an action against Dasal. We note that the administrator's sister and husband were already living on the Delor property when the administrator commenced his duties. They eventually moved from the property in 1981. The current administrator may file an action for back rent to recover the amount owed.

■ We have only determined that the record does not warrant any interference in the trial court's decision as to the administrator's fee. However, our decision today has no bearing on any action that may be taken to impose liability upon the administrator for acts of misfeasance or malfeasance while in office.

■ The heirs have challenged the manner of computation of the administrator's fee and his expenses in their reply brief. This comes too late for us to consider. *Wilner v. O'Donnell,* 637 S.W.2d 757, 764 (Mo.App.1982).

■ We next examine the record pertaining to the allowance for the attorney's fees. Attorney has not filed a brief. Attorney's petition set forth a detailed itemization of time spent on the estate. However, it is not evidence and did not prove itself. We recognize that the trial court is an expert on attorney's fees and in certain instances, may make an allowance for attorney's fees without taking evidence. *See Nelson v. Hotchkiss,* 601 S.W.2d 14 (Mo. banc 1980). However, this is not such a case. Here, the record reveals that the only matter entailing an appearance by the attorney before the court was in early 1983 on his own motion for attorney's fees. He also filed several petitions in order to pay

expenses of the estate, as well as the pleadings involving this issue. We have concluded the record before the trial court was insufficient for the court to determine an allowance in the amount of over $1,800.00. Therefore, we must reverse the trial court on the issue of allowance of attorney's fees and remand for a hearing.

Affirmed in part; reversed and remanded in part.[2]

KAROHL, P.J., and CRANDALL, J., concur.

---

**2.** Appellant's and respondents' motions taken with the case are denied.