**Terri Ann HAYNES, Plaintiff–Respondent,**

**Chris Haynes, Natural Father–Appellant,**

**v.**

**Kilby BOHON, Defendant Ad Litem for David Bohon, Deceased.**

No. 64811.

Missouri Court of Appeals, Eastern District, Northern Division.

July 5, 1994.

M. Edward Williams, Charles E. Rendlen, III, Rendlen, Rendlen, Redington and Bastian, P.C., Hannibal, for appellant.

Marion F. Wasinger, Wasinger, Parham, Morthland, Terrell & Wasinger, Hannibal, for respondent.

CRANDALL, Judge.

Appellant, Chris Haynes, appeals from the judgment of the trial court, in a court tried case, which apportioned the proceeds of a wrongful death settlement between him and respondent, Terri Ann Haynes. We affirm.

Chris Haynes (Father) and Terri Ann Haynes (Mother) were the natural parents of fourteen-year-old Dana Haynes, who on September 9, 1992, was fatally injured in an automobile accident. In November 1992, Mother brought a wrongful death action against defendant, Kilby Bohon, as Defendant Ad Litem for David Bohon, Deceased, the driver of the automobile in which Dana was a passenger. In December 1992, Father filed his own wrongful death action against defendant. After Mother and her attorney settled the wrongful death action for the limits of defendant's insurance policy, Mother filed a petition for court approval and apportionment of the settlement. Father filed a motion to intervene and sought to be named

as a party plaintiff, but the trial court denied his motion. The insurance company paid $50,000.00 maximum liability coverage plus $1,000.00 medical pay coverage into the court registry.

Thereafter, an apportionment hearing was held. The evidence adduced at the hearing established that Dana was born in 1978, one of three girls born to Mother and Father. Mother and Father married in 1985, after the births of all three children. Throughout the marriage, Father did not live in the family home for extended periods of time. He spent some time in prison and then worked on jobs out of town. He failed to make regular payments to Mother for Dana's support. Mother received aid to families with dependent children, food stamps, and government rent assistance. Occasionally, Father gave money to Mother to help with outstanding bills as well as to Dana, usually for school clothes. When making the funeral arrangements for Dana, Father stated that he would pay for the funeral because he had an insurance policy to cover such expenses. At the time of the hearing, however, the funeral bill remained unpaid.

At the time of the accident, Father and Mother were separated; Dana was living with Mother, with whom she had lived since her birth. In 1990, Father moved in with another woman, whose family he supported. Prior to the accident, Father filed a petition for dissolution of his marriage to Mother.

After the hearing, the trial court approved and apportioned the $51,000.00 settlement. The court ordered $7,662.39 paid to the funeral home and $17,000.00 paid to Mother's attorney. Of the remaining proceeds, the court awarded $5,000.00 to Father and $21,337.61 to Mother. The court denied Father's request for attorney's fees.

The standard of review of apportionment of the proceeds of a claim in a wrongful death action is set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm the judgment of the court unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32. Great deference is given to the trial court's resolution of conflicts in the

evidence and we may not substitute our judgment on those matters. *Hugenel v. Estate of Keller*, 867 S.W.2d 298, 302 (Mo.App.S.D. 1993).

In his first point, Father contends that the trial court abused its discretion in apportioning the damages. He argues that the distribution was not equitable because he received only ten percent of the total settlement.

■ Section 537.095.1, RSMo (1986) permits one person to settle the wrongful death claims with the approval of the circuit court, as long as all persons entitled to sue are notified. Section 537.095.3, RSMo (1986) authorizes the court to "enter a judgment as to . . . damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court." The apportionment of the proceeds of the settlement is a matter addressed to the trial court's discretion. The court apportions the damages among those persons entitled thereto in proportion to the losses suffered by each, as determined by the court. Section 537.090, RSMo (1986) enumerates the factors the trial court may consider in determining the amount of damages to be awarded: "the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support. . . ." The cause of action for the wrongful death of an unmarried minor child is indivisible; but when it becomes merged in a judgment, the interests of the Mother and the Father then become separable. *State ex rel. Slibowski v. Kimberlin*, 504 S.W.2d 237, 241 (Mo.App.1973).

■ In the instant action, the decision of the trial court was supported by substantial evidence. The evidence was that Dana had lived continuously with Mother from the time she was born. Father did not marry Mother until Dana was seven years old. Although Dana saw Father occasionally, he was absent from the family home for varying amounts of time and for a variety reasons, and was separated from Mother for about two years prior to the accident. He also failed to support Dana regularly, permitting Mother to

rely on government programs to meet the needs of Dana and their other children. The gifts of money and clothing he gave to Dana were given sporadically and were not based on Dana's ongoing needs, but rather on Father's benevolence. In light of the factors listed in § 537.090, the decision of the trial court to give Father ten percent of the settlement was within its discretion. *See Glasco v. Fire and Cas. Ins. Co.,* 709 S.W.2d 550 (Mo. App.1986) (court's apportioning wrongful death damages 90 percent to mother and 10 percent to father not an abuse of discretion when father failed to support child and maintained only minimum contacts with her for 12 years prior to her death). We also note that Father actually received in excess of ten percent of the damages, because prior to apportioning the proceeds, the court ordered the payment of the funeral expenses for which Father had agreed to be responsible. Father's first point is denied.

■ In his second point, Father contends that the trial court erred in denying his attorney's fees. The court found that "there was no evidence adduced that [Father] had an agreement of [sic] attorneys fees...."

Section 537.095.4(2), RSMo (1986) requires the trial court to order the payment of "attorney's fees as contracted." At trial, Father's attorney sought to introduce the contract into evidence during the testimony of Father's sister. He offered the contract as an exhibit and asked Father's sister to identify Father's signature. Mother's attorney objected to the exhibit on the bases the witness was "not a party to the contract or was not present when it was entered into...." The court later declined to receive the contract into evidence. Because the evidence failed to establish the existence of a contract, the trial court reasonably could have found that there was no contract for attorney's fees.

■ Father asserts that "his contingent fee contract was evidenced by the pleading filed with the trial court." The petition for approval of the wrongful death settlement alleges that Father "agreed to pay attorney[s] ... thirty three and one-third percent (33⅓%) of the proceeds...." Father has the burden to prove the allegations contained in the petition; the petition is not evidence and does not prove itself. *See Estate of Humber v. Brandhorst,* 675 S.W.2d 436, 440 (Mo.App. 1984). Father failed to prove that there was a contract with his attorneys and the court did not receive the contract into evidence. In addition, taking judicial notice of the court file does not prove a contract, but only acknowledges the existence within the court file of a piece of paper which purports to be that contract. Father's second point is denied.

In his third point, Father contends that the trial court erred in refusing to permit him to intervene as a party plaintiff. He asserts that his intervention would have protected his rights in the wrongful death action and permitted the court to award him attorney's fees.

■ Section 537.095.1 negates the necessity for husband to join in the action in the capacity of a party plaintiff:

> [I]f two or more persons are entitled to sue for and recover damages as herein allowed, then any one or more of them may compromise or settle the claim for damages with approval of any circuit court, or may maintain such suit and recover such damages *without joinder therein by any other person,* provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action [for wrongful death]. Any settlement or recovery by suit shall be for the use and benefit of those who sue or join, *or who are entitled to sue or join,* and of whom the court has actual written notice.

(emphasis added). Under § 537.080.1(1), RSMo (Cum.Supp.1993), Father was entitled to bring a wrongful death action. The trial court found that Father was given adequate notice of Mother's claim and considered him as a person entitled to damages when it apportioned the settlement proceeds. Joinder was therefore unnecessary to protect Father's individual rights and he was not prejudiced by being denied intervention.

Father's argument that as a named plaintiff he would have been entitled to attorney's fees is without merit. As discussed under the second point, Father failed to prove that

there was a contract for attorney's fees. His status as a plaintiff is therefore immaterial on the issue of attorney's fees. Father's third point is denied.

In his final point, Father alleges that the trial court committed plain error in allowing Mother's attorney to engage in certain conduct and to make certain comments during trial. He claims that as a result of the attorney's antics, he was deprived of a fair and impartial trial.

■ Assuming without deciding that the behavior and rhetoric of Mother's counsel were improper, no prejudice accrued to Father. No jury was present. It is clear from the trial court's findings that the court based its judgment on an application of the law to the evidence, unswayed by the behavior of Mother's attorney. *See Henry v. Impact Management, Inc.,* 808 S.W.2d 396, 401 (Mo. App.1991). Father's fourth point is denied.

The judgment of the trial court is affirmed.[1]

CRIST, P.J., and CRANE, J., concur.

---

1. Mother's motion to strike Father's reply brief for, *inter alia,* his failure to comply with Rule 84.04, as well as her motion for damages for frivolous appeal under Rule 84.19 are both denied.