Shawn BEMIS, a minor By and Through his next friend, Gary BEMIS, Appellant,

v.

PINNACLE REHABILITATION, et al., Respondent.

No. 67438.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 17, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 1995.

Application to Transfer Denied Jan. 23, 1996.

Johnathan E. Fortman, Stephen Frank Meyerkord, Casey & Meyerkord, St. Louis, for appellant.

John Brian Loveless, St. Clair, Hugh Marshall, Kathleen A. Wojciehowski, Jefferson City, Don R. Sherman, Goffstein, Kraus, Siegel & Sherman, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Shawn Bemis ("child"), by and through his next friend, Gary Bemis, appeals from an order of the Circuit Court of Franklin County approving child's settlement with Pinnacle Rehabilitation, and allocating $17,643.38 of the award to respondent, the Crippled Children's Service ("CCS"), under a subrogation claim pursuant to RSMo § 201.040 (1994). We affirm.

Child was injured while attending football practice at his high school in October or November, 1990. Soon after he sustained this injury, child was diagnosed by an athletic trainer, an employee of defendant Pinnacle Rehabilitation, as suffering from a pulled groin muscle. Child was actually suffering from a slipped capital femoral epiphysis, an injury to the growth plate at the top of the femur.

The injury did not heal, and, in June of 1991, child procured the services of defendant Dr. James Tedesco, a chiropractor, who treated child for a pulled muscle in his hip. Also, sometime in the spring of that year, child slipped on a riverbank, aggravating the condition.

It was not until late June, 1991, that child was accurately diagnosed as suffering from a slipped femoral epiphysis at Cardinal Glennon Children's Hospital. At that time, child underwent surgery to correct the condition by stopping the slippage. The surgery, referred to as open bone graft epiphysiodesis, was paid for by CCS, a program supervised by the Missouri Department of Health. The cost of this operation totaled $9,706.14. A year later, child underwent a second corrective surgery, whereby his injured leg was rotated and lengthened. Again, CCS provided the funds for this procedure, in the amount of $7,937.24.

On July 28, 1992, child filed a petition in circuit court naming Dr. Tedesco and St. Clair Chiropractic Life Center, Inc., and Pinnacle Rehabilitation of Missouri, Inc., as defendants. Child filed an amended petition on October 2, 1992, alleging negligence on the part of the above-named defendants, which caused him to need surgery, namely the open bone graft epiphysiodesis. Child alleged medical expenses of $50,000.00 and prayed for in excess of $15,000 in damages from Dr. Tedesco and his clinic, and for over $15,000 in damages from Pinnacle Rehabilitation.

Due to the apparent insolvency of Dr. Tedesco and his chiropractic clinic, the suit against them was later dropped. Child and Pinnacle, however, settled child's claim for $25,000.[1] Child filed a petition for approval of minor's settlement on September 13, 1992.[2] In the petition, child alleged the expenses incurred by CCS totaled $17,643.38, but that only expenses of $7,937.24 were incurred as a result of Pinnacle's negligence, and therefore, CCS should recover only the latter amount.

On December 8, 1992, the trial court heard evidence on and approved child's petition. In its order, the trial court allocated $17,643.38 to be paid to CCS under its subrogation right, rather than $7,937.24 as alleged by child. Child appeals this allocation.

On appeal, child contends the trial court erred in allowing CCS to recover the funds it expended for the first operation pursuant to RSMo § 201.040. The provision states CCS is subrogated to the right of the child who receives its services if another party is liable

---

1. Neither the settlement agreement nor the terms of the settlement were included in the legal file.

2. Under RSMo § 507.184, the next friend of a minor may contract for the settlement of the minor's claim, but no such settlement is effective until approved by the court.

to the child for personal injury to, disability or disease of the child. Child urges this court to interpret the statute in a manner which limits CCS's recovery to funds expended for the second surgery. However, child wrongly focuses on the interpretation of RSMo § 201.040, and we can affirm the order of the trial court without engaging in statutory construction.

■ Child argues CCS, pursuant to its subrogation right, was entitled to only those amounts child could recover from Pinnacle. Child claims he limited his suit against Pinnacle to liability for the second operation, and states the first operation was unrelated to his claim against Pinnacle. Therefore, child concludes, CCS could only recover the funds it spent for the second surgical procedure.

■ Assuming child's interpretation is correct,[3] nothing but child's allegation in its petition for approval suggested Pinnacle settled the lawsuit with the intent of limiting its liability to the second operation only. However, a petition for court approval of a settlement "is not evidence and does not prove itself." *See Haynes v. Bohon,* 878 S.W.2d 902, 905 (Mo.App.E.D.1994). Rather, the testimony at the hearing for the settlement's approval reflected child's understanding that, by Pinnacle's settling the case, it was not admitting liability for any of child's injuries and his resultant expenses. Additionally, child's amended petition filed in October, 1992, alleged Pinnacle's negligence specifically caused him to need the open bone graft procedure, the first surgery. The events leading up to and the circumstances surrounding the settlement show it was to settle all of child's claims against Pinnacle, not just a claim for negligence as to the second surgery.

Furthermore, it was within the trial court's purview to reject child's characterization of the medical costs for the first operation as unrelated to child's claim against Pinnacle. The evidence before the court showed that the failure to timely diagnose child's injury

caused an exacerbation of a less severe condition ultimately requiring two complicated corrective procedures. Thus, child's true contention on appeal is that the trial court erred in its findings and conclusions, instead of in its supposed interpretation of RSMo § 201.040. The evidence before us does not support such a conclusion.

Based on the foregoing, the order of the trial court is affirmed.

SMITH, P.J., and RHODES, J., concur.

---

**3.** We assume merely for argument's sake, and should not be misconstrued as holding child's interpretation to be a correct one.