No. 86-68
and
86-78

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN THE MATTER OF THE ESTATE OF

DOROTHY FARNUM, Deceased.

_____

APPEAL FROM:   District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Boschert & Boschert; Ernest F. Boschert, Billings,
        Montana

    For Respondent:

        Terry Trieweiler, Whitefish, Montana

_____

Submitted on Briefs: Oct. 2, 1986

Decided:   December 12, 1986

Filed:   DEC 12 1986

_Ethel M. Harrison_
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

These cases arise from the death of 12-year-old Dorothy Farnum (Dorothy) in an automobile/bicycle collision. The District Court for Flathead County, acting as a probate court, appointed Alice Farnum, Dorothy's mother, as personal representative. It also authorized her to prosecute any wrongful death action and approved her settlement of wrongful death and survival claims for $100,000. In a separate action, the same court approved allocation of the proceeds of the wrongful death claim between Dorothy's mother and father. We affirm.

We restate the issues as follows:

1. Did the Probate Court in the Eleventh Judicial District err in finding that Alice Farnum was a proper person to be personal representative of the estate of Dorothy Farnum?

2. Did the Probate Court in the Eleventh Judicial District have jurisdiction to approve a settlement covering both the survival and the wrongful death causes of action, even though the father's wrongful death action was then pending in the Thirteenth Judicial District?

3. Did the Probate Court in the Eleventh Judicial District err in authorizing Alice Farnum to settle both the survival and wrongful death causes of action and in approving the allocation of the proceeds of the settlement between the two actions?

4. Did the Probate Court in the Eleventh Judicial District err by denying the father's motion for a new hearing or to amend the probate order?

2

5. Did the Eleventh Judicial District Court err in denying the father's motion to strike and dismiss the petition for allocation of the wrongful death proceeds?

Dorothy Farnum was 12 years old when she was killed in an automobile/bicycle collision in July 1983. Alice Farnum, Dorothy's mother and her custodial parent, was informally appointed as personal representative (P.R.) of Dorothy's estate in August 1983. Alice Farnum retained an attorney who began pursuing wrongful death and survival claims against the driver of the car which hit Dorothy. They filed a survival action in federal district court. In August 1985, Dorothy's father, Vernon Farnum, filed a demand for notice of all actions taken with regard to the estate. A week later, Alice Farnum petitioned the Probate Court for authority to enter into a compromise settlement of claims against the driver of the car involved in the collision, noticing Vernon Farnum with a copy of the petition. Vernon Farnum filed his objection to the petition, stating that he had commenced his own wrongful death action.

A hearing was held on Alice Farnum's petition in October 1985. She appeared with her attorney. Vernon Farnum did not appear, but was represented by his attorney. Testimony was presented by Alice Farnum and her attorney, and by Kenneth Farnum, Dorothy's older brother. Alice and Kenneth Farnum testified that Dorothy's parents were divorced when she was 3 years old and that Dorothy was very close to her mother but that she'd had virtually no contact with her father. Alice Farnum's attorney testified that the $100,000 settlement amount was the insurance limit of the driver of the car, and that a reasonable allocation of the amount, in light of the circumstances, would be $5,000 to the survival action and

$95,000 to the wrongful death action. He also testified that Vernon Farnum had not been consulted during settlement discussions because he had expressed a lack of interest to various family members. His consent to the settlement agreement was sought because it was technically required, and that was when Vernon Farnum filed his demand for notice. Vernon Farnum's attorney called no witnesses at the hearing, but offered into evidence a copy of his wrongful death complaint filed in the District Court for Yellowstone County.

In November 1985, the Probate Court entered its findings, conclusions, and order formally appointing Alice Farnum as P.R. of the estate. It also authorized Alice Farnum to prosecute any wrongful death action which arose as a result of Dorothy's death, approved settlement of the wrongful death and survivor actions for $100,000, and approved allocation of $5,000 of that amount to the survival action brought on behalf of the estate. The court stated that the allocation of proceeds from the wrongful death action between the competing claims of Alice Farnum and Vernon Farnum would have to be dealt with in a separate proceeding.

Vernon Farnum moved for a new hearing on the basis of newly discovered evidence. In support he filed affidavits by himself and his former attorney. The affidavits stated that Mr. Farnum was unable to attend the hearing because he had just started a new job over 1,000 miles away, and that he had been a good dad to Dorothy. The court denied his motion. He appeals.

Four days after the entry of the probate order, Alice Farnum filed a petition entitled "In the Matter of Dorothy Farnum, Deceased." She sent notice of this petition to Vernon Farnum through his attorney. In this action, she

4

petitioned the court to allocate the wrongful death proceeds. Vernon Farnum moved to strike and dismiss the petition because he had not personally been served with process, there was no document entitled "complaint" filed in the action, and the court had no subject matter jurisdiction. That motion was denied. Taking judicial notice of the hearing and evidence in the probate matter, the court ordered that all $95,000 of the proceeds be allocated to Alice Farnum and none of the proceeds be allocated to Vernon Farnum. Vernon Farnum appeals that order.

On appeal, Alice Farnum filed a motion with this Court requesting that the statements of fact in Vernon Farnum's briefs be stricken, because they are not based upon the record but primarily upon the affidavits filed by Vernon Farnum and his attorney after the October 1985 hearing. We do not find it necessary to strike the statements of fact. The matters set forth in the affidavits submitted by Vernon Farnum will be considered only for purposes of reviewing the denial of the motion for a new hearing, where the affidavits were properly before the court.

I

Did the Probate Court in the Eleventh Judicial District err in finding that Alice Farnum was a proper person to be personal representative of the estate of Dorothy Farnum?

The father argues that since he and the mother did not agree on who should be P.R., the court should have appointed another qualified person. He says that Alice Farnum did not act properly as P.R. because she failed to hold the wrongful death proceeds in trust for all heirs, violating her fiduciary duty. He maintains her appointment as P.R. should have been terminated.

5

The Probate Court found that Alice Farnum and Vernon Farnum, as Dorothy's heirs, shared priority for appointment as P.R. under § 72-3-502(5), MCA. Based on the evidence presented, it found Vernon Farnum unsuitable for appointment as P.R., and concluded that this left Alice Farnum as the only suitable person with priority for appointment. The witnesses at the hearing testified that Dorothy was very close to her mother but had virtually no relationship with her father, and that her father had not shown an interest in helping pay for Dorothy's support while she was alive or for her final medical and funeral expenses. We conclude that substantial credible evidence supports the finding that Vernon Farnum was unsuitable for appointment as P.R. of Dorothy's estate. We hold that the Probate Court was correct in finding that Alice Farnum had priority for appointment as P.R. and that she was a proper person to be P.R. of the estate. We further hold that there is nothing in the record to support termination of Alice Farnum's appointment as P.R.

II

Did the Probate Court in the Eleventh Judicial District have jurisdiction to approve a settlement covering both the survival and the wrongful death causes of action, even though the father's wrongful death action was then pending in the Thirteenth Judicial District?

Vernon Farnum says that the Probate Court acted in excess of its jurisdiction, under this Court's opinion in Matter of Estate of Pegg (Mont. 1984), 680 P.2d 316, 41 St.Rep. 558. In that case, this Court held that a district court acting in probate exceeded its jurisdiction when it assumed authority over a settlement offer, approved it, and

6

then ordered dismissal of the personal representative's wrongful death action filed in another judicial district.

Alice Farnum had been informally appointed as P.R. of Dorothy's estate in August 1983, before she filed her survival action against the driver of the car. Vernon Farnum was never appointed P.R. of the estate. Our opinion in Pegg does not control on this issue, because in Pegg the P.R. had filed her action in another district than the one in which the court assumed jurisdiction over the settlement offer.

In the present case, the Probate Court of the Eleventh Judicial District was the only court which could approve a settlement in the survival action, since it had jurisdiction over the estate. The wrongful death settlement was inextricably linked to the survival settlement. We conclude that the Probate Court acted within its jurisdiction.

III

Did the Probate Court in the Eleventh Judicial District err in authorizing Alice Farnum to settle both the survival and wrongful death causes of action and in approving the allocation of the proceeds of the settlement between the two actions?

Any cause of action for Dorothy's wrongful death must be brought pursuant to § 27-1-512, MCA, which provides:

> Either parent may maintain an action for the injury or death of a minor child and a guardian for injury or death of a ward when such injury or death is caused by the wrongful act or neglect of another. .
> . .

This section parallels the statute for injury or wrongful death of an adult, found at § 27-1-513, MCA. Under that statute this Court has held that there can be but one action for wrongful death, and that action must be brought by the

7

personal representative. State ex rel. Carroll v. District Court (1961), 139 Mont. 367, 370, 364 P.2d 739, 741. The one-action rule is intended to avoid a multiplicity of lawsuits and all the confusion that would ensue therefrom. Alice Farnum argues that these reasons are equally applicable to wrongful death suits involving a minor, and that permitting only one action by the P.R. is the fairest approach.

We tend to agree with the above policy arguments, but the language of § 27-1-512, MCA, does not support the conclusion that the P.R. must bring any action for the wrongful death of a child. However, Alice Farnum was properly appointed as P.R. shortly after Dorothy's death. Vernon Farnum apparently brought his wrongful death action only after being asked to approve the $100,000 settlement negotiated by Alice Farnum's attorney. That settlement involved not only the wrongful death claim, but also the survivorship claim, which only the P.R. could settle. The court heard testimony from Alice Farnum's attorney on an appropriate division of the proceeds between the two causes of action. Vernon Farnum neither offered evidence on this issue nor objected to the manner in which the proceeds were allocated between the two causes of action. We affirm the Probate Court's authorization to Alice Farnum to settle both actions and its allocation of the proceeds between the two actions.

IV

Did the Probate Court in the Eleventh Judicial District err by denying the father's motion for a new hearing or to amend the probate order?

The Probate Court did not distribute the wrongful death proceeds. Instead, it very carefully ruled that it had no jurisdiction there. It held separate proceedings in its

8

capacity as a district court to rule on the distribution of the wrongful death proceeds. The District Court for Flathead County was the proper court to approve of the wrongful death settlement, because Flathead County was the county of Dorothy's residence and the county in which she died.

The motion for a new hearing was based upon a claim of newly discovered evidence. The affidavits submitted with the motion allege facts about Vernon Farnum's relationship with Dorothy in the years preceding her death and say that he failed to appear at the hearing because he had just begun a new job. No reason was given for Mr. Farnum's failure to submit these affidavits earlier. We conclude that the affidavits do not present any newly discovered evidence, and that the court properly denied the motion for a new hearing or to amend the order.

V

Did the Eleventh Judicial District Court err in denying the father's motion to strike and dismiss the petition for allocation of the wrongful death proceeds?

Vernon Farnum maintains that the second proceeding, in which the District Court divided the proceeds of the wrongful death settlement, was flawed because he was not personally served with a summons and complaint. He argues the court had no subject matter jurisdiction over the wrongful death action, and the petition was wrongly based on the probate order, on which the time for appeal had not yet expired.

A proceeding to allocate the proceeds of a wrongful death suit involves the disposition of property, title to which has not been established. In Montana, the right to bring a wrongful death action for the death of a minor child is vested in either parent under § 27-1-512, MCA. The

9

dismissed with prejudice.   It should be noted that there is enough uncertainty in the statutes regarding the wrongful death of minors that the legislature should clarify the procedures with regard to surviving parents who are separated and with regard to whether such an action should be brought by a personal representative, as in § 27-1-513, MCA.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

district courts' jurisdiction over such actions is sufficiently broad to allow them to allocate the proceeds of such an action. Pegg, 680 P.2d at 323. Here, Alice Farnum invoked that jurisdiction by her petition to allocate the wrongful death settlement. Following the practice used in Montana for many years, the petition was filed in lieu of the formality of filing a complaint and summons against the driver of the automobile. The latter procedure was unnecessary since a settlement agreement had already been reached. Notice of the petition was served upon Vernon Farnum's attorney prior to the hearing. We conclude that proper notice of the proceeding was provided to Vernon Farnum.

The father has not shown any reason why consideration of this matter must wait until the time for appeal expired on the probate order. He has not shown that he was prejudiced by the court taking notice of the probate action, and he did not lose his right to appeal either order.

The father further argues that both parents should share any award for the wrongful death of a minor child. That is generally true. However, here the evidence before the court demonstrated that only the mother could reasonably be expected to suffer damages including loss of consortium, mental anguish, and loss of future support. We conclude that the District Court's allocation of the proceeds between the parents is supported by substantial evidence.

We affirm the orders entered by the Eleventh Judicial District Probate and District Courts. In view of our conclusions here, and because there can be but one wrongful death action arising out of Dorothy Farnum's death, we order that the wrongful death action denominated cause no. 85-1984 in the Thirteenth Judicial District of Yellowstone County, be

10