James Thomas WRIGHT, Jr., Ashley N. Wright, a minor, b/n/f James Thomas Wright, Jr., and Pearl Culp, Respondents,

v.

CAMERON MUTUAL INSURANCE CO., Defendant,

and

Ransom Jones, Appellant.

No. 20025.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 26, 1995.

John A. Parks, Hermitage, for appellant.

Jerry M. (Jay) Kirksey, Douglas, Lynch, Haun & Kirksey, P.C. Bolivar, for respondents.

PARRISH, Judge.

Ransom Jones appeals a judgment apportioning settlement proceeds from a wrongful death claim. The decedent was appellant's adult daughter, Dianne K. Wright. Appellant was awarded no part of the settlement proceeds. This court affirms.

Dianne K. Wright died as a result of injuries sustained in an automobile accident that occurred December 12, 1993, in Dallas County, Missouri. She was married at the time of her death to James Thomas Wright, Jr.

Mr. and Mrs. Wright had been married since July 4, 1985. They had one child, a

daughter, Ashley N. Wright. Ashley's date of birth, according to the application for appointment of next friend filed in this case, was May 13, 1988. Mrs. Wright was also survived by her parents, Pearl Culp and Ransom Jones.

The automobile accident that resulted in Mrs. Wright's death involved two automobiles. One, in which Dianne K. Wright was a passenger, was driven by Thelma Rae Wright. The other was driven by Jessica L. Butler.

James Thomas Wright, Jr., personally and as next friend for Ashley, and Pearl Culp negotiated a settlement of a claim for the wrongful death of Dianne K. Wright with Cameron Mutual Insurance Co. (Cameron Mutual), as permitted by § 537.095.1.[1] Dianne K. Wright was an insured of Cameron Mutual by reason of uninsured motorist coverage provided by two policies of insurance.

Mr. Wright and Ms. Culp brought this action, as permitted by § 537.095.3, seeking approval of the proposed settlement and apportionment of its proceeds. Appellant was given notice of the proceeding. He entered his appearance and requested an evidentiary hearing "to determine whether the best interests of Plaintiffs would be served by consummating the proposed settlement" and asked the trial court, in the event it approved the settlement, to "set a date for the hearing of evidence on the apportioning the balance of settlement payment among those persons entitled thereto as provided by Sec. 537.095, R.S.Mo."

Following a hearing, the trial court approved settlement of the wrongful death claim for $62,500. The trial court then convened a hearing on the matter of apportionment of settlement proceeds.

A guardian ad litem was appointed for Ashley. The guardian ad litem entered her appearance and participated in the proceeding. Appellant was also present, with counsel, and participated in the proceeding.

After hearing evidence, the trial court entered judgment apportioning the settlement amount as follows: $56,200 to Ashley N. Wright; $6,300 to James Thomas Wright, Jr.; $0.00 to Ransom Jones; and $0.00 to Pearl Culp. Appellant does not challenge the approval of the $62,500 settlement. He challenges only the trial court's failure to apportion any part of the settlement proceeds to him. He contends that since he is among the persons who could sue for damages by reason of § 537.080.1(1), RSMo Supp.1993,[2] the trial court was required to award a part of the settlement proceeds to him.

Appellant argues he was entitled to share in the settlement proceeds because he "was the deceased's father and was therefore one of the persons listed as entitled under Section 537.080 RSMo (1986, as amended 1991) to bring the wrongful death action, and entitled to share in the apportionment of the settlement proceeds as provided in Section 537.095 RSMo (1986)." He states, "The question presented in this appeal as [sic] whether the trial court in applying the wrongful death statutes has discretion to award nothing to a member of the class enumerated to share in the proceeds."

In reviewing the apportionment of settlement proceeds, an appellate court does

---

1. References to statutes are to RSMo 1986 unless stated otherwise.

2. The parts of § 537.080, RSMo Supp.1993, applicable to this proceeding state:
   1. Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for:
   (1) By the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;

   .    .    .    .    .

   2. Only one action may be brought under this section against any one defendant for the death of any one person.

not grant approval or disapproval. It rules on whether the trial court acted within the discretion granted by statute. *Keene v. Wilson Refuse, Inc.*, 788 S.W.2d 324, 326 (Mo. App.1990).

Section 537.095 provides:

1. Except as provided in subsection 2 of this section,[3] if two or more persons are entitled to sue for and recover damages as herein allowed, then any one or more of them may compromise or settle the claim for damages with approval of any circuit court, or may maintain such suit and recover such damages without joinder therein by any other person, provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080. Any settlement or recovery by suit shall be for the use and benefit of those who sue or join, or who are entitled to sue or join, and of whom the court has actual written notice.

.    .    .    .    .

3. In any action for damages under section 537.080, the trier of the facts shall state the total damages found, or upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court.

.    .    .    .    .

Appellant relies on the language in § 537.095.3 as support for his claim of trial court error. The language to which he directs this court's attention states, "The court shall then enter a judgment as to such damages, apportioning them among those per-sons entitled thereto in proportion to the losses suffered by each as determined by the court." Appellant argues that all persons who may bring suit to recover for wrongful death must share in any recovery that is had. That argument fails, however, by reason of the requirement that settlement proceeds be apportioned among recipients "in proportion to the losses suffered by each as determined by the court." If one of the persons entitled to maintain suit suffered no damages, that person is not entitled to receive any part of the damages.

This court declines to hold, based on the plain language of § 537.095.3, that, as a matter of law, a trial court must award some part of the proceeds of a settlement in a wrongful death claim to each person identified in § 537.080, RSMo Supp.1993, for the sole reason that the person is included in the class of persons in whose names suit may be brought.

The parties cite no Missouri case in which this issue has been determined, nor has this court found such a case in its own research. However, cases from other jurisdictions have been reviewed in which damages were withheld from persons who, under the applicable law, were permitted to participate in adjudicating wrongful death claims.

In *Matter of Estate of Lande*, 209 Ill. App.3d 55, 153 Ill.Dec. 710, 567 N.E.2d 668 (1991), the Illinois court upheld apportionment of ninety percent of funds recovered to decedent's mother, ten percent to a sister and none to decedent's father. In *Matter of Estate of Farnum*, 224 Mont. 304, 730 P.2d 391 (1986), the Montana Supreme Court upheld an apportionment of $95,000 to a decedent's mother and zero to the father finding that only the mother could reasonably be expected to suffer damages from the loss.

The Oregon Court of Appeals, in *Oak v. Pattle*, 86 Or.App. 299, 739 P.2d 61 (1987),

---

**3.** § 537.095.2 applies when a settlement is made or recovery had by a plaintiff ad litem appointed as provided in § 537.080.1(3), RSMo Supp.1993. A plaintiff ad litem is appointed when there is no one related to a decedent within the degrees of relationship identified in subsections (1) and (2) of that statute. The plaintiffs in this appeal are within the relationships identified in subsection (1). § 537.095.2 is not applicable to the facts in this case.

awarded all of a wrongful death award to a decedent's mother, declining to award the father any part of the proceeds, holding that the father suffered no loss.

A like result was reached by the West Virginia Supreme Court in *Walker v. Walker,* 177 W.Va. 35, 350 S.E.2d 547 (1986), with respect to claims between siblings to an award for the wrongful death of their father. One sibling received all of a $65,000 settlement to the exclusion of ten others.

Although each state's apportionment statute differs, this court finds the rationale of the cases from other jurisdictions cited herein consistent with this court's interpretation of § 537.095.3. The judgment of the trial court is affirmed.

SHRUM, C.J., and CROW, J., concur.