Gladene KAVANAUGH,
Respondent/Cross–
Appellant,

v.

MID–CENTURY INSURANCE COMPANY, and Farmers Insurance Company, Defendants,

and

C.E. Kavanaugh, Appellant.

Nos. WD 51952, WD 51988.

Missouri Court of Appeals,
Western District.

Nov. 12, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 24, 1996.

Application to Transfer Denied
Feb. 25, 1997.

Thomas E. Hankins, Gladstone, for Appellant.

James D. Boggs, Kansas City, for Respondent/Cross–Appellant.

SPINDEN, Presiding Judge.

This is an appeal from the circuit court's apportionment of proceeds of a wrongful death settlement between the decedent's divorced parents. Both parties challenge the court's division of the settlement proceeds. We affirm.

Kelly Kavanaugh died from injuries sustained in an automobile accident on April 27, 1991. Kavanaugh was a passenger in a car driven by Jennifer Babbitt. The decedent's father, C.E. Kavanaugh, filed a wrongful death action which the circuit court dismissed without prejudice. On April 19, 1994, the decedent's divorced parents, Gladene Kavanaugh and C.E. Kavanaugh, filed a wrongful death action against Babbitt, Mid–Century Insurance Company, Farmers Insurance Company, and the co-owner of the vehicle driven by Babbitt. Mid–Century and Farmers provided under-insured motorist coverage to the Kavanaugh family. C.E. Kavanaugh voluntarily dismissed himself from the lawsuit in November 1994. In April 1995, Gladene Kavanaugh settled her negligence claim against Babbitt for $25,000, which was divided equally between her and C.E. Kavanaugh according to their agreement. In October 1995, the circuit court approved settlement of the claim against Mid–Century and Farmers for $300,000. The court further approved $75,000 in attorney fees for Gladene Kavanaugh and ordered that the remaining net proceeds of $225,000 be distributed to the decedent's parents as "members of the class under Section 537.080:"[1] $146,250 to Gladene Kavanaugh and $78,750 to C.E. Kavanaugh. C.E. Kavanaugh filed a motion to amend the judgment which was denied. Both parties appeal.

As a preliminary matter, we address Gladene Kavanaugh's argument that this court lacks jurisdiction to review C.E. Kavanaugh's claim because he was dismissed as a party from the lawsuit and, therefore, had no right to appeal. As we discuss later, C.E. Kavanaugh was within the class of persons entitled to sue for wrongful death, and his being joined in the lawsuit was not necessary to protect his right to participate in the settlement. See Cameron v. Morrison, 901 S.W.2d 171, 174 (Mo.App.1995). Because he was entitled to sue or to join in the wrongful

1. All statutory references are to the 1994 Missouri Revised Statutes.

death action, he was also entitled to appeal. *Id.*

Gladene Kavanaugh contends that the trial court erred in apportioning some of the under-insured settlement proceeds to C.E. Kavanaugh because he had been dismissed from the case and was no longer entitled to receive any of those proceeds. She claims that the court's apportionment of proceeds to C.E. Kavanaugh violated Rule 67.02.

Rule 67.02 says:

(a) Except as provided in Rule 52, a civil action may be dismissed by the plaintiff without order of the court anytime prior to the introduction of evidence at the trial. A party who once so dismisses a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only (1) upon filing a stipulation to that effect signed by the opposing party or (2) on order of the court made on motion in which the ground for dismissal shall be set forth.

(b) Except as provided in Rule 67.02(a), an action shall not be dismissed at the plaintiff's instance except upon order of the court upon such terms and conditions as the court deems proper.

(c) A voluntary dismissal under Rule 67.02(a) shall be without prejudice unless otherwise specified by the plaintiff. Any other voluntary dismissal shall be without prejudice unless otherwise specified by the court or the parties to the dismissal.

■ Gladene Kavanaugh's argument—that because C.E. Kavanaugh dismissed himself from the wrongful death action, he was not entitled to any of the settlement proceeds because he was no longer a named plaintiff— misses the mark for two reasons. First, Rule 67.02 refers to the civil action's being dismissed by a plaintiff. Although C.E. Kavanaugh dismissed his original wrongful death suit, the wrongful death action later filed by him and Gladene Kavanaugh was never dismissed. Because the wrongful death case proceeded with Gladene Kavanaugh as the named plaintiff, Rule 67.02 does not apply. Second, C.E. Kavanaugh's withdrawal from the case did not prejudice his

entitlement to a portion of the settlement proceeds. As the decedent's father, he is within the class of persons entitled to sue for wrongful death under § 537.080.1(1). Failure to join in a wrongful death lawsuit does not prejudice any member of the class of persons entitled to sue under § 537.080.1 from receiving benefits of a wrongful death settlement. *Cameron,* 901 S.W.2d at 175. Under § 537.095, the father was entitled to share in the apportionment of settlement proceeds, at the court's discretion, regardless of whether he was a named plaintiff. Subsection 1 of the statute says:

Except as provided in subsection 2 of this section, if two or more persons are entitled to sue for and recover damages as herein allowed, then any one or more of them may compromise or settle the claim for damages with approval of any circuit court, or may maintain such suit and recover such damages without joinder therein by any other person, provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under 537.080. *Any settlement or recovery by suit shall be for the use and benefit of those who sue or join, or who are entitled to sue or join,* and of whom the court has actual written notice.[2]

As the decedent's father, C.E. Kavanaugh was entitled to share in the wrongful death settlement proceeds at the court's discretion. The circuit court did not err in awarding a portion of those proceeds to him.

C.E. Kavanaugh argues that the circuit court abused its discretion by awarding him only $78,750 (35 percent) of the settlement proceeds while awarding Gladene Kavanaugh $146,250 (65 percent). He claims that this was unfair and that his attorney was entitled to $20,000 in fees from the proceeds.

C.E. Kavanaugh argues that he was entitled to an equal share of settlement proceeds because he enjoyed a close and loving relationship with his son whose death caused him much suffering. He points out that his son's death caused him to incur a number of expenses, including funeral expenses, hospital

---

**2.** We added the emphasis.

bills and attorney fees. He also points out that he purchased the under-insured motorist coverage. He claims that the unequal distribution constitutes sexual discrimination and violates public policy.

■ When we review a circuit court's apportionment of settlement proceeds in a wrongful death action, we will not interfere unless the judgment is grossly excessive or inadequate. *Keene v. Wilson Refuse, Inc.,* 788 S.W.2d 324, 326 (Mo.App.1990). We rule on whether the circuit court acted within its discretion granted by statute. *Wright v. Cameron Mutual Insurance,* 908 S.W.2d 867, 869 (Mo.App.1995).

Section 537.090 says:

[T]he trier of the facts may give to the party or parties entitled thereto such damages as the trier of the facts may deem fair and just for the death and loss thus occasioned, having regard to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support[.]

Section 537.095.3 authorizes the circuit court to enter a judgment apportioning the damages "among those persons entitled thereto in proportion to the losses suffered by each as determined by the court."

■ The circuit court convened a hearing on the application to approve the settlement in October 1995. Although he received notice of the hearing, C.E. Kavanaugh did not appear. At the hearing, the circuit court heard testimony regarding Gladene Kavanaugh's close relationship with her son. She said that she relied on him for counsel, comfort and advice. She also said that before he died, her son had promised to take care of her. The circuit court also heard testimony regarding Gladene Kavanaugh's financial circumstances after the divorce, including some of the expenses she had incurred after her son's death, including memorial costs. She said that after going through a divorce and bankruptcy, she was left with little material wealth. The circuit court concluded that Gladene Kavanaugh had demonstrated that

she was entitled to $146,250 of the settlement proceeds.

Although C.E. Kavanaugh did not appear at the October 1995 hearing, he later filed a motion to amend the judgment complaining about the circuit court's division of the settlement proceeds. The circuit court convened a hearing in November 1995. At that hearing, C.E. Kavanaugh testified that he had a close relationship with his son and that they worked, hunted and fished together. The decedent was in dental school at the time of his death and worked in his father's dental office. C.E. Kavanaugh receives $4,000 a month in disability benefits and shares half with Gladene Kavanaugh. He admitted that his earning capacity was much greater than Gladene Kavanaugh's, but he claims that his former wife's financial needs are not greater than his own. He also claims the circuit court abused its discretion in failing to properly consider his expenditures for funeral, hospital and medical costs.

The circuit court found that C.E. Kavanaugh had paid $7500 to $10,000 in medical and funeral expenses and that, as a result of his son's death, he received $7000 to $8700 from various health and life insurance proceeds, bank accounts, and sale of the decedent's cars. The court concluded that its division of the settlement proceeds was neither unjust nor unfair.

■ The apportionment of settlement proceeds in a wrongful death action is a matter within the circuit court's discretion. *See Haynes v. Bohon,* 878 S.W.2d 902, 904 (Mo. App.1994). The circuit court is not required to award an equal portion of the settlement proceeds to each person included in the class of persons entitled to sue for wrongful death. *See Wright,* 908 S.W.2d at 869–70; *Haynes,* 878 S.W.2d at 905.

The court heard evidence regarding the financial circumstances and expenditures of both parties and their relationship with the decedent. The court was not required to apportion the settlement proceeds equally between them. The circuit court's apportionment of settlement proceeds was supported by the evidence. We find no abuse of discretion.

■ Concerning attorney fees, C.E. Kavanaugh claims that the court should have awarded him $20,000 in fees to be paid out of the settlement proceeds. Section 537.095.4(2) requires the court to order payment of attorney fees as contracted. As the court noted in its order, there was no contract showing the fee arrangements between C.E. Kavanaugh and his attorney offered into evidence. The evidence concerning fee arrangements related primarily to which party would be responsible for payment, rather than the amount of the fees. Nor was there evidence establishing the basis for the hourly rate purportedly charged by his attorney or the number of hours worked. A letter addressed to Gladene Kavanaugh, dated August 29, 1994, from C.E. Kavanaugh's attorney, said, "All charges incurred in the pursuit of this action to the date of your termination are billed to C.E. Kavanaugh, and the firm will look only to him for payment thereof." At the November 1995 hearing, C.E. Kavanaugh admitted that Gladene Kavanaugh was not responsible for the billings from his attorney's law firm.

The circuit court concluded that the evidence was inadequate to award attorney fees. The court also concluded that allowing payment of the fees from the settlement proceeds would violate Gladene Kavanaugh's contractual rights [3] by effectively making her responsible for a portion of the fees.

The circuit court's decision is supported by the record. We find no abuse of discretion.

We affirm the judgment.

SMART and EDWIN H. SMITH, JJ., concur.

---

**3.** Section 537,095.4(2) requires the court to order the claimant to pay attorney fees as contracted.