**Eleanore THORSON, Appellant,**

v.

**Elizabeth CONNELLY, Ronald Palmer, and Betty Palmer, Respondents.**

**No. SC 88594.**

Supreme Court of Missouri, En Banc.

Feb. 19, 2008.

Rehearing Denied April 15, 2008.

---

Stephen K. Paulus, Cuba, for Appellee.

Mark Turley, Daniel L. Birdsong, Rolla, for Respondents.

MICHAEL A. WOLFF, Judge.

### The Issue

Eleanore Thorson, grandmother of the late Heather Thorson, filed a wrongful death suit—four days before the statute of limitations expired—on behalf of herself and the other survivors of Heather, purporting to act as plaintiff *ad litem* under the wrongful death statute. The grandmother, however, did not seek a court appointment as plaintiff *ad litem* until after the statute of limitations had expired. The issue: Will an appointment of the grandmother as plaintiff *ad litem* relate back to the date of the filing of the case, or is this action barred by the statute of limitations?

### The Wrongful Death Suit

Heather Thorson died of a gunshot wound on August 29, 2002. On August 25, 2005, Heather's grandmother, plaintiff Eleanore Thorson, filed a wrongful death suit against Elizabeth Connelly and Ronald and Betty Palmer. In her petition, Thorson claimed that Connelly negligently caused Heather Thorson's death. The circumstances of the death were described variously in the petition, which alleged that Connelly was negligent by firing the gun at Heather, or by pointing the gun at Heather when the gun accidentally dis-

charged, or by furnishing Heather with a deadly weapon, or by negligently grabbing the gun while it was pointed at Heather causing it to discharge. The wrongful death petition further alleged that Betty and Ronald Palmer were negligent in either furnishing Connelly with a handgun or by failing to prevent her from having the gun.

The petition indicated that at the time of her death, Heather Thorson was unmarried and had no children. She had no living siblings or surviving parents. She was survived only by several aunts and two grandmothers, one of whom was Eleanore Thorson, the plaintiff.

Section 537.080 provides that a wrongful death suit may be brought "(1) [b]y the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive; (2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.090 because of the death." [1] Because Heather Thorson was not survived by a spouse, children, parents, siblings or nieces and nephews, the third section of section 537.080 becomes operative. Section 537.080(3) provides that, "[i]f there be no persons in class (1) or (2) entitled to bring the action, then [the suit may be brought] by a plaintiff *ad litem*. Such plaintiff *ad litem* shall be appointed by the court having jurisdiction over the action for damages provided in this section upon application of some person entitled to share in the proceeds of such action."

Under this provision, Eleanore Thorson, as a person "entitled to share in the proceeds of such action," needed to apply to the trial court for appointment as a plaintiff *ad litem* in order to bring the wrongful death suit.

In her initial petition, Eleanore Thorson referred to herself as "plaintiff *ad litem*," although she had not formally filed an application for appointment as plaintiff *ad litem*. In January 2006, Connelly and the Palmers, the defendants, filed motions for summary judgment, asserting that because Eleanore Thorson had failed to file an application for appointment, she lacked standing to bring the wrongful death suit. In response to the motion, Eleanore Thorson, on January 30, 2006, filed an application for appointment as plaintiff *ad litem*, requesting to "represent the interests of all persons entitled to share in the proceeds of this case."

Eleanore Thorson asked that the trial court recognize that her requests to proceed as a plaintiff *ad litem* in the initial filings constitute her "application to proceed in that capacity"—in other words, that the request for appointment relates back to the original filing. Eleanore Thorson also specifically asked that the order appointing her plaintiff *ad litem* "be made retroactive to the date of [the initial] filing," because at the time of the formal application for appointment, the three-year statute of limitations governing wrongful death suits had run. *See* section 537.100, which provides that "[e]very action instituted under section 537.080 shall be commenced within three years after the cause of action shall accrue. . . ."

Without the application of the relation-back doctrine to her application for appointment, that application would have been filed outside of the three-year statute of limitations—too late to give Thorson authority to bring the suit.

The trial court granted both motions for summary judgment in July 2006, conclud-

---

**1.** All statutory references are to RSMo 2000.

ing that Thorson lacked standing to bring the wrongful death suit and dismissed the suit "with prejudice." After opinion in the court of appeals, this Court granted transfer. This Court has jurisdiction. Mo. Const. art. V, sec. 10.

### The Relation–Back Doctrine

Under a previous version of Missouri's wrongful death statute, this Court addressed the application of the relation-back doctrine to appointment of a party to bring suit where there were no persons available who had a right to sue in their own names. *See Forehand v. Hall*, 355 S.W.2d 940 (Mo. banc 1962).[2]

 This Court's analysis in *Forehand* of the relation-back doctrine in wrongful death suits still applies. Where a wrongful death action is initiated within the limitations period by a person who has a "beneficial interest" in the action, but who, for lack of a court appointment, is not authorized to bring suit, "the substitution by amendment of the plaintiff suing in the proper capacity, or the joinder of the necessary additional parties plaintiff, after the lapse of the [limitations] period, will relate back to the time of filing the original action and the intervening running of the

statute of limitations will not bar the maintenance of the suit by the substituted plaintiff...." 355 S.W.2d at 945. On the other hand, if the original action was filed by one who has "no legal or beneficial interest in its subject matter, the substitution of a proper party plaintiff after the statute of limitations has run will not relate back, but will be treated as a new action, which is barred by the statute of limitations." *Id.*

Eleanore Thorson, as a grandmother, is one of the persons who can share in the proceeds of a wrongful-death judgment under section 537.095.2, because under the laws of descent, she is an heir. Section 474.010(2)(c) ("If there are no children, or their descendants, father, mother, brother, sister, or their descendants, then to grandfathers, grandmothers, uncles and aunts or their descendants in equal parts;").

*Forehand* established that the question in this case is governed by the relation-back doctrine, which is set forth in the current version of Rule 55.33(c), which applies to amendments to pleadings.[3] The general rule is that "whenever a claim ... asserted in the amended pleading arose out of the ... occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to

**2.** In *Forehand*, the widow had forfeited her right to sue under the then-existent law because she failed to sue within the statutorily prescribed six months, as had the child of the decedent, who had failed to bring his suit within the prescribed six-month period after the widow failed to do so. A suit by the widow as administratrix, as well as maintenance of suit by an "administrator de bonis non" were unavailing because the widow and child, on whose behalf the suit was purported to be brought, no longer had an interest in the action because, as to them, the statute of limitations period had expired. Fortunately, the wrongful death statute has since been simplified greatly, with a three-year period of limitations applicable to all classes of plaintiffs.

**3.** Rule 55.33(c) provides: Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against the party to be brought in by amendment: (1) has received such notice of the institution of the action as will not prejudice the party in maintaining the party's defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

the date of the original pleading." Rule 55.33(c).

In this case, an appointment of the original plaintiff, who had an interest in the proceeds of the action, to act formally as plaintiff *ad litem* is in effect an amendment to the pleadings because it is "the substitution of the plaintiff suing in the proper capacity." 355 S.W.2d at 945. Here, Eleanore Thorson is a living heir of Heather Thorson and has a beneficial interest in the wrongful death action. Her appointment as plaintiff *ad litem* will relate back to the date she filed suit.[4]

"Statutes of limitation were never intended to be used as swords. Rather, they are shields, primarily designed to assure fairness to defendants by prohibiting stale claims" which tend "to undermine the truth finding process." *Mikesic v. Trinity Lutheran Hospital*, 980 S.W.2d 68, 73 (Mo. App.1998) (internal citations omitted). The truth-finding process is not undermined by the relation-back of Thorson's appointment as plaintiff *ad litem*. Connelly and the Palmers, the defendants, suffer no prejudice or unfair surprise as they knew from the beginning what the claim was. They are not deprived of the opportunity to investigate timely and prepare their defenses. *Id.*

### Conclusion

The judgment of the circuit court is reversed, and the case is remanded.

All concur.

---

[4]. *Henderson v. Fields*, 68 S.W.3d 455, 467 (Mo.App.2001), in which the court declined to recognize an amendment after judgment had been entered after trial, should not be read as inconsistent with the holding in this case. In Henderson the court was asked to amend the judgment under Rule 74.06(a) to make appointment of grandparents as plaintiffs *ad litem* retroactive to the filing of the original petition. The court said Rule 74.06(a) was intended to correct clerical errors, not to change the capacity of the parties bring suit.