Gary D. Witt, Judge
Appellant David Stichler ("Stichler") appeals the judgment of the Circuit Court of Miller County granting Chaz Jesiolowski's ("Jesiolowski") and Fang-Piau Kao's ("Kao") Motion to Dismiss for Failure to State a Claim as to Stichler's Second Amended Petition for wrongful death. Stichler raises fourteen points on appeal. We affirm.
Background
This wrongful death case stems from a motor vehicle accident which occurred on July 7, 2015. At the time of the accident, Mickey Stichler ("Mickey")[1] was a passenger in a vehicle operated by Jesiolowski. Mickey was also pregnant. Stichler alleges that Jesiolowski violated a stop sign at the intersection of Cave Drive and U.S. Highway 54, pulling onto the highway without stopping. Jesiolowski's vehicle was then struck by a vehicle operated by Kao who was allegedly speeding. As a result of the accident, both Mickey and her unborn child ("Child") were killed.
*791 Stichler is Mickey's father. Acting as her heir-at-law, he brought claims for her wrongful death against Jesiolowski and Kao. These claims were settled and the settlement approved by the court.
At issue in this case, is Stichler's Amended Petition, filed March 15, 2016 ("Amended Petition") seeking to recover from Jesiolowski and Kao for the wrongful death of Child. Stichler separately sought to be appointed plaintiff ad litem for Child alleging that Child's natural father was unknown. On April 20, 2016, Jesiolowski filed a cross-petition against Kao for the wrongful death of Child ("Cross-Petition"), alleging that he was the natural father of Child. On April 21, 2016, Jesiolowski then moved for the court to dismiss Stichler's Amended Petition for lack of jurisdiction and failure to state a claim upon which relief could be granted. As the natural father, Jesiolowski argued that he had the sole right to bring a wrongful death claim on behalf of Child. Kao separately opposed Stichler's request to be appointed plaintiff ad litem and moved for the Amended Petition to be dismissed.
On June 14, 2016, the court held a hearing on Stichler's motion to be appointed plaintiff ad litem and Jesiolowski and Kao's motions to dismiss the Amended Petition based on the allegation that, because Jesiolowski was Child's natural father, Stichler had no standing to bring the Amended Petition. All parties agreed that the paternity determination was necessary to decide the proper plaintiff in the case.[2] Over Stichler's objection, the court held that it would decide the issue of Child's paternity based on affidavits.
Jesiolowski filed an affidavit from Michelle who stated that Mickey had informed her that Jesiolowski was Child's father. Michelle did not believe that Mickey had any other sexual partners who could have been the father of Child. Prior to the accident Jesiolowski represented to Michelle and her family that he was the father of Child. Michelle stated that Mickey intended to name Child Stella Noel Jesiolowski. Michelle included the name Stella Noel Jesiolowski on Mickey's headstone and alleged that the headstone was approved by Stichler. The affidavit of Leah Stichler ("Leah"), Mickey's sister, stated that she was aware Mickey and Jesiolowski were trying to conceive a child. Additionally, Jesiolowski also submitted the affidavits of Joanna Engelmeyer ("Engelmeyer"), a close friend of Mickey's since childhood. Engelmeyer stated that Jesiolowski was Mickey's fiancé, they had been trying to conceive a child, and were successful. Further, Engelmeyer noted that Jesiolowski was actively involved in caring for Mickey and Child during the pregnancy. Jesiolowski also submitted the affidavit of Daphne Waters, Medical Records Custodian for the University of Missouri Health Systems, to authenticate medical records which identified Jesiolowski as the Child's father from prenatal care visits. Finally, Jesiolowski included his own affidavit also alleging that he was Child's father, had held himself out as such to Mickey's family, and was caring for Mickey and Child at the time of their death. Stichler raised various objections to these affidavits.
Stichler's sole affidavit in support of his motion to be appointed plaintiff ad litem was his own affidavit which did not refute any of the facts presented in the other affidavits but merely stated that "the identity of the father of Mickey Stichler's unborn child is unknown."
*792 On October 6, 2016, the court denied Stichler's objections to the affidavits and any corresponding exhibits. The court then made a factual determination that Jesiolowski was the natural father of Child and as such was a proper party to bring a wrongful death claim on Child's behalf. The court granted Jesiolowski and Kao's motions to dismiss Stichler and the Amended Petition. The case proceeded on the Cross-Petition.
On December 2, 2016, Jesiolowski and Kao filed a motion for approval of the settlement of the claims by Jesiolowski against Kao as a result of the death of Child. Although he had already been dismissed from the case, Stickler objected on the basis that he was the proper party to bring the claims on behalf of Child. He also objected to the settlement as violating an agreement between Jesiolowski and Stichler regarding apportionment of settlement proceeds. The court ruled Stichler was not a party to the case and denied Stichler's objections. The court then approved the settlement on the Cross-Petition between Jesiolowski and Kao. It is from that judgment that Stichler now appeals.
Discussion
Stichler raises fourteen points on appeal all related to his allegation that he is the proper party to bring the wrongful death claim on behalf of Child. Before we can address Stichler's raised points, we must address the question of Stichler's standing in the underlying case and his standing to bring this appeal.
"Standing is a question of law that we review de novo." Borges v. Mo. Pub. Entity Risk Mgmt. Fund , 358 S.W.3d 177, 180 (Mo. App. W.D. 2012). "We consider the petition along with any other non-contested facts to determine whether the petition should be dismissed due to Petitioners' lack of standing." Id. Courts have a duty to determine if a party has standing prior to addressing the substantive issues of the case. Farmer v. Kinder , 89 S.W.3d 447, 451 (Mo. banc 2002). "A party seeking relief has the burden to establish that it has standing to maintain its claim." Brannum v. City of Poplar Bluff , 439 S.W.3d 825, 829 (Mo. App. S.D. 2014) (citing State ex rel. Lupo v. City of Wentzville , 886 S.W.2d 727, 729 (Mo. App. E.D. 1994) ).
Section 537.080.1[3] governs who has standing to bring a claim for wrongful death. The Missouri legislature created three classes of parties with an interest who may bring suit. Section 537.080.1. As relevant to this case, parents of the deceased are included in the first class. Section 537.080.1(1). If there is no person listed in the first class then the statute directs that you look to the second class. Section 537.080.1(2). Siblings and descendants of siblings are in the second class, and, only if there are no persons provided for in class one or two, the court is allowed to appoint a plaintiff ad litem to bring the claim under the third class. Section 537.080.1(2)-(3). Therefore, if Jesiolowski is established as the natural father of Child, he is a member of the first class and entitled to bring this action and the court did not have the statutory authority to appoint Stichler (Child's grandfather) as a plaintiff ad litem under the third class. A grandparent is not listed as a member of the first or second class pursuant to the statute.[4] Therefore the court had to make *793 a determination as to Jesiolowski's parentage in order to rule on Stichler's (Child's grandparent) request to be appointed as plaintiff ad litem.
"An unwed father may bring a wrongful death action for an unborn child where paternity was not determined before the child's death." LeSage v. Dirt Cheap Cigarettes and Beer, Inc., 102 S.W.3d 1, 2 (Mo. banc 2003). Jesiolowski bore the burden of establishing that he was Child's father and therefore was a proper party to bring this action. Id.
The court found Jesiolowski to be the natural father of Child and as a result denied Stichler's motion to be appointed as plaintiff ad litem.[5] This decision resulted in the unique procedural situation in which, despite being the first plaintiff to file a petition against Kao, because Stichler was never appointed as plaintiff ad litem he is not a proper party to this case. See generally Thorson v. Connelly , 248 S.W.3d 592, 595 (Mo. banc 2008) (finding that the relation-back doctrine was necessary for plaintiff ad litem where petition was filed within the statute of limitations but plaintiff's request for appointment as plaintiff ad litem was not made until after the statute of limitations had run). Stichler's Amended Petition is not the pleading upon which the case before us proceeded. This case proceeded on Jesiolowski's Cross-Petition after his paternity was established. It was that Cross-Petition that was the basis for this case and Stichler was not a party to that petition.
Stichler had no standing to proceed with his suit or file the Amended Petition until and unless the court granted him standing as a plaintiff ad litem pursuant to section 537.080.1(3). This was the case in Thorson where the Supreme Court found that the plaintiff ad litem needed to rely on the doctrine of relation-back because the filing of a petition by an unappointed plaintiff ad litem did not meet the filing deadlines for the purpose of statute of limitations. Id. It was only upon the appointment of a plaintiff ad litem that the petition was deemed filed. Id. Stichler was never appointed and was never made a proper party to this action. Therefore, Stichler is attempting to appeal the judgment of a case to which he was never a proper party.
Generally, in Missouri, to appeal pursuant to section 512.020, the appealing party must be both a party to the action and "aggrieved" by the particular judgment or order. Bydalek v. Brines , 29 S.W.3d 848, 852 (Mo. App. S.D. 2000). "The right to appeal and whether a party is aggrieved within the meaning of § 512.020 is jurisdictional[6] and may be *794 raised by the appellate court, sua sponte. " Four Seasons Racquet and Country Club Prop. Owners Ass'n v. Abrams , 858 S.W.2d 835, 836 (Mo. App. S.D. 1993). "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." Walker v. Brownel , 375 S.W.3d 259, 261 (Mo. App. E.D. 2012).
As a general matter, because Stichler is not a party to the action from which he appeals and not aggrieved by the judgment of that action, he has no right to appeal under section 512.020. There is a limited exception to this rule specifically for wrongful death cases. In Kavanaugh v. Mid-Century Insurance Company , this court held that "[f]ailure to join in a wrongful death lawsuit does not prejudice any member of the class of persons entitled to sue under § 537.080.1 from receiving benefits of a wrongful death settlement." 937 S.W.2d 243, 245 (Mo. App. W.D. 1996). In Kavanaugh , the wrongful death suit was brought by decedent's mother and, although not a party to the case, decedent's father sought to challenge the settlement distribution on appeal. Id. This Court held that as a member of the same class as mother, father did not waive his right to challenge the distribution of the settlement proceeds despite not joining in the suit. Id. Stichler is not, however, a member of the same class as Jesiolowski so does not meet the prerequisites to fall within the limited exception of Kavanaugh .
Arguably, Stichler's fourteenth point on appeal may be properly before this Court under Kavanaugh . Stichler alleges that the trial court erred in apportioning all settlement funds to Jesiolowski because Stichler, Michelle and Jesiolowski had previously entered into an agreement to evenly divide those proceeds. As noted above, however, Kavanaugh only provides an exception for claimants of the same class. Therefore, we will not address the trial court's decision to not grant the request of a non-party not otherwise entitled to distribution from this cause of action to enforce the alleged breach of an alleged contract dividing proceeds of a claim that is not assignable. See Forsthove v. Hardware Dealers Mut. Fire Ins. Co. , 416 S.W.2d 208, 218-19 (Mo. App. 1967) ; Schweiss v. Sisters of Mercy, St. Louis, Inc. , 950 S.W.2d 537 (Mo. App. E.D. 1997) ; Huey v. Meek, 419 S.W.3d 875, 878 (Mo. App. S.D. 2013) ; Section 537.095.3.
To the extent Stichler wished for this court to review the decision of the trial court not to appoint him as plaintiff ad litem , his remedy was one of writ. See State ex rel. Griffin v. Belt , 941 S.W.2d 570 (Mo. App. W.D. 1997). In Griffin , two parties were in dispute as to which held the right to bring a wrongful death claim under section 537.080. Following a ruling on the proper plaintiff, the party not permitted to pursue the wrongful death claim sought a writ of prohibition seeking to prevent the appointed party from proceeding with the wrongful death claim, effectively seeking appellate review of the ruling as to the proper plaintiff. This Court found that in such a case, a writ of "prohibition is the appropriate remedy." Id. at 572 (emphasis added). Stichler was never appointed plaintiff ad litem and as such, had no standing to file his Amended Petition. The court never granted him standing pursuant to the statute and his Amended Petition was properly dismissed. He was never made party to the action of the Jesiolowski's Cross-Petition and thus has no standing to challenge the circuit court's *795 judgment approving the settlement between Jesiolowski and Kao or standing to bring this appeal.[7] This Court has addressed the only colorable claim before it and declines to address Stichler's other thirteen points on appeal.
Conclusion
We affirm.
All concur.

Because Mickey Stichler shares a last name with her parents, David and Michelle Stichler, as well as her sister, Leah Stichler, we refer to Mickey, Michelle, and Leah by their first names for purposes of clarity. No familiarity or disrespect is intended.

At the time of the hearing, Michelle Stichler ("Michelle"), Mickey's mother, had a competing motion to be appointed plaintiff ad litem for Child. She voluntarily withdrew her motion on December 21, 2016, and is not a party to this appeal.

All statutory citations are to RSMo 2000 as currently updated unless otherwise noted.

A grandparent is one of the persons who can share in the proceeds of a wrongful-death judgment as a class three claimant under section 537.095.2, because under the laws of descent, a grandparent is an heir. Section 474.010(2)(c) ("If there are no children, or their descendants, father, mother, brother, sister, or their descendants, then to grandfathers, grandmothers, uncles and aunts or their descendants in equal parts;"). Thorson v. Connelly, 248 S.W.3d 592, 595 (Mo. banc 2008).

Due to the fact Mickey was killed in the accident along with Child, under the facts of this case, Jesiolowski was the only class one person who could bring this action. Because Jesiolowski, as the driver of the vehicle in which Child was killed, may have been partially at fault for the death of Child, his potential comparative fault for the accident could be properly addressed even if other members of the same class under the statute did exist. See State ex rel. Griffin v. Belt , 941 S.W.2d 570, 573 (Mo. App. W.D. 1997) ; Teeter v. Mo. Highway and Transp. Comm'n , 891 S.W.2d 817 (Mo. banc 1995).

The Missouri Supreme Court re-examined the concept of "jurisdiction" in J.C.W. ex rel. Webb v. Wyciskalla , 275 S.W.3d 249 (Mo. banc 2009). The question of "jurisdiction" is "really a question of whether the trial court has a statutory right to proceed." Evans v. Empire Dist. Elec. Co. , 346 S.W.3d 313, 316 (Mo. App. W.D. 2011). In discussing "jurisdiction" the court in Four Seasons referred to what is now termed the statutory authority to proceed. Four Seasons Racquet and Country Club Prop. Owners Ass'n v. Abrams , 858 S.W.2d 835, 836 (Mo. App. S.D. 1993).

We recognize that the Missouri Supreme Court has granted a limited right of appeal to "parties" denied an intervention by right. State ex rel. Koster v. ConocoPhillips Co. , 493 S.W.3d 397, 401-02 (Mo. banc 2016). Given a recognized remedy available to Stichler under Griffin , we decline to extend and create a similar but new exception under the wrongful death statute herein.