Ann MOTLEY, Plaintiff–Appellant,

and

Lloyd S. Gillham, Plaintiff–Respondent,

v.

Letha J. COLLEY,
Defendant–Respondent.

No. WD 40915.

Missouri Court of Appeals,
Western District.

May 9, 1989.

Donald E. Raymond, Kansas City, for Motley.

John Scott King, Independence, for Gillham.

Donald H. Loudon, Kansas City, for Colley.

Before SHANGLER, P.J., and
LOWENSTEIN and FENNER, JJ.

FENNER, Judge.

Appellant, Ann Motley, (formerly Gillham), appeals from the apportionment of the proceeds of a settlement in a wrongful death action involving the death of her son, Gary Gillham. Respondent, Lloyd Gillham, was the father of Gary Gillham and he was the only heir other than Ann Motley entitled to share in the settlement proceeds.

Ann Motley and Lloyd Gillham were married on August 3, 1963, and they were divorced on July 14, 1966. They lived together for a year and a half and their son, Gary Gillham, was born on July 27, 1964. As a result of the divorce Ann Motley received custody of their only child, Gary, who was two years old at the time. Lloyd Gillham was granted reasonable visitation and ordered to pay Twenty Dollars per week in child support.

Gary Gillham died as the result of a motorcycle accident that occurred on July 31, 1986. On October 29, 1986, Ann Motley filed a Petition For Wrongful Death against Letha Colley who was the driver of the vehicle involved in the accident which resulted in Gary Gillham's death. Lloyd Gillham intervened in the Petition For Wrongful Death.

Ann Motley and Lloyd Gillham agreed to a structured settlement in the total amount of $260,000. The court conducted a hearing for the purpose of taking evidence on the apportionment of the settlement and thereafter on April 20, 1988, voluntarily entered "Findings of Fact, Conclusions of Law, Judgment and Order" directing that the settlement be apportioned 65% to Ann Motley and 35% to Lloyd Gillham. The parties did not request that the court enter Findings of Fact and Conclusions of Law.

On May 5, 1988, Ann Motley filed a motion titled "Motion For New Trial on Issue of Apportionment of Settlement and Alternative Motion to Amend Findings of Facts, Conclusions of Law, Judgment and Order." On August 3, 1988, the court entered an Amended Judgment and Order which addressed the issues raised in appellant's Motion for New Trial, modified in part the court's order of April 20, 1988, and reaffirmed the apportionment of 65% to Ann Motley and 35% to Lloyd Gillham.

In her appeal, Ann Motley argues first that the trial court erred in applying the law in its apportionment of the settlement proceeds. This issue is dispositive herein.

Mrs. Motley argues that the court failed to apportion the damages according to Section 537.095.3, RSMo 1986, which provides as follows:

3. In any action for damages under section 537.080, [Action for Wrongful Death], the trier of facts shall state the total damages found, or upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court.

Ann Motley complains that during the course of the trial when the court was ruling on an objection, as to the admissibility of certain evidence, the court stated:

"—we start in these apportionment proceedings from a fifty-fifty standpoint, and it's up to—up to one party or the other to push their side, sort of like a reversed tug of war, I guess, where one party has to push their evidence to demonstrate that they're entitled to more than fifty, and they might get to sixty, and they might get to seventy, and maybe even get to a hundred, I don't know."

The record reflects that this statement was as an aside to the question before the court.

Ann Motley argues the court reaffirmed its incorrect hypothesis in its Findings, Conclusions, Order and Judgment of April 20, 1988, wherein the court stated under its Conclusion of Law as follows:

"As natural parents of the decedent, the parties begin on an equal footing. The fact that the parties begin on an equal footing and have an equal interest in the proposed settlement does not necessarily mean that each party is entitled to an equal share of the proceeds. The Wrongful Death Statute provides for apportionment by the Court, and allows one party or the other to attempt the evidentiary burden of demonstrating the inequity of equal division of the award. It becomes the task of the party seeking a preponderately disproportionate division to prove that factors existent [sic] which justify and support a judgment awarding more to one equal party than the other. To some extent plaintiff MOTLEY sustained the burden."

Motley argues that the trial court imposed an additional and unauthorized burden of proof and persuasion on her beyond that imposed by Section 537.095.3, RSMo 1986, which requires apportionment in proportion to the loss suffered.

Motley acknowledges that the trial court clarified its position somewhat in its Amended Order and Judgment of August 3, 1988, wherein the court stated:

"Both plaintiffs had the task of carrying their own burden of proof and persuasion in order to prove to the finder of facts the nature, quantity and amount of their own damages as of the loss. Plaintiff Motley had a greater burden of proof and persuasion than did Plaintiff Gillham

because she sought a greater portion of the settlement; and therefore she was required to adduce evidence that would support an unequal and disproportionate distribution of the settlement proceeds."

However, Motley argues that the court, by its Amended Order of August 3, 1988, did not correct its basic error of casting a greater burden of proof on the party suffering the greater loss.

■ Voluntary findings of fact and conclusions of law, present no question for review other than as a general finding, and an appellant may not assign as error a specific finding of fact or conclusion of law, or the lack thereof. *Wills v. Alcorn*, 636 S.W.2d 142, 144 (Mo.App.1982). Therefore, the voluntary statements of the court during trial and in its Findings and Conclusions of April 20, 1988, are not subject to review on appeal and only the court's Order of August 3, 1988, will be considered herein.

■ The standard for review of apportionment of the proceeds of a claim in a wrongful death action is as established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) and an appellate court may interfere only if the decree or judgment of the trial court is not supported by substantial evidence, is against the weight of the evidence, erroneously declares the law or erroneously applies the law, and then only with a firm belief that the judgment is wrong. *Farr v. Schoeneman*, 702 S.W.2d 512, 515 (Mo.App.1985).

■ It is well established that burden of proof means the obligation to establish the affirmative of an issue involved in an action and it rests on the party alleging the facts constituting that issue. *Clapper v. Lakin*, 343 Mo. 710, 123 S.W.2d 27, 33 (1938). The parties seeking to establish the losses they have suffered, which they claim entitle them to a given proportion of damages in a wrongful death action pursuant to Section 537.095.3, RSMo 1986, have an equal burden of proof.

The burden of proof in a wrongful death action is by a preponderance of the evidence. *See, Miller v. Watkins*, 355 S.W.2d 1, 2 (Mo.1962). A preponderance of the evidence is that which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows the fact to be proved to be more probable than not. *Fujita v. Jeffries*, 714 S.W.2d 202, 206 (Mo. App.1986).

While it is true that the necessary result of an apportionment is that each party will end up with a part of the whole, which whole is a set and finite amount, and consequently the more one party gets the less the other receives, this does not affect the burden of proof that each of the parties has to establish their loss. The burden of the parties to establish their loss, and the resulting proportion of damages to which they are thereby entitled, is the same. Whatever loss the parties claim to have suffered, they have the burden of proving that loss by a preponderance of the evidence. Even though the legislature has chosen to place the duty and responsibility of apportionment of losses in a wrongful death case squarely within the determination of the trial court, *Farr v. Schoeneman*, 702 S.W.2d 512, 515 (Mo.App.1985), an apportionment cannot be based upon an incorrect statement of the law.

The trial court herein erroneously declared the law by stating in its judgment that Ann Motley had a greater burden of proof than Lloyd Gillham and for that reason this case is reversed and remanded with directions to the trial court to apportion the settlement amount based upon the evidence already heard, but placing an equal burden on the parties to prove the loss they each claim to have suffered.

All concur.