MAY DEPARTMENT STORES COMPA-
NY, Plaintiff–Respondent,

v.

Wayne QUEEN, and Paula J. Guthrie
a/k/a Paula J. Queen,
Defendants–Appellants.

Nos. 55026, 55027.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 20, 1989.

Jack J. Gilbert, Theodore Tahan, Jr.,
Clayton, for plaintiff-respondent.

Daniel Eugene Nack, St. Charles, for de-
fendants-appellants.

SIMON, Judge.

In this consolidated appeal, appellants, Wayne Queen and Paula J. Guthrie a/k/a Paula J. Queen, appeal the trial court's award of $835.79, plus costs, and $1097.66, plus costs, respectively, in favor of respondent, May Department Stores Company, for amounts owing on their Famous–Barr Company charge accounts for purchases made at Venture Stores, Inc. Both Famous–Barr Company and Venture Stores, Inc. are subdivisions of the May Department Stores Company. The actions were brought as suits on an open account and were tried before the court sitting without a jury.

Appellants contend that: (1) the trial court erred in denying their request for a directed verdict or judgment for appellants because under the admissible evidence and the law such denial constituted an improper application of the facts and Missouri law, and was an abuse of judicial discretion; (2) the trial court erred in admitting into evidence respondent's exhibits 7–17, 19(a), (b), and (c), and 22–27 in that they were outside the scope of respondent's pleadings and should not have been admitted into evidence over appellants' objection; and (3) that the respondent failed to prove a *prima facie* case against either of the appellants. We affirm.

The standard of review in a court-tried case is that, "the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it errone-ously declares the law, or unless it errone-

ously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). We view the evidence in the light most favorable to the prevailing party. *Hackmann v. Sommerfor Development Corporation*, 741 S.W.2d 857, 859[1] (Mo. App.1987).

At the outset, we note that appellants' third point on appeal fails for noncompliance with Rule 84.04(d) in that it does not state wherein and why the trial court erred. *Thummel v. King*, 570 S.W.2d 679, 685[3–5] (Mo. banc 1978). "The requirements of Rule 84.04 are not only mandatory but also essential for the effective functioning of appellate courts." *Draper v. Aronowitz*, 695 S.W.2d 923, 924[2, 3] (Mo. App.1985). However, the allegation of error raised in this third point is essentially also raised in appellants' first point and will be addressed there.

■ In their first point, appellants contend that the trial court erred in denying their request for a directed verdict or judgment for appellants because under the admissible evidence and the law such denial constituted an improper application of the facts and Missouri law, and was an abuse of judicial discretion. Essentially, appellants contend that respondent did not sustain its burden of proof in an action on an open account in that respondent failed to identify the items purchased constituting the account, there was no evidence regarding the correctness of each item contained in the account, and there was no evidence that the charges made for the items purchased were fair and reasonable. *See J.D. Streett & Co. v. Bone*, 334 S.W.2d 5, 8[3, 4] (Mo.1960). A review of the record, in the light most favorable to the judgment, reveals the following. Wayne Queen and Paula J. Guthrie each opened a charge account with Famous–Barr Company. Appellants used the charge accounts to make various purchases at Venture Stores, Inc. Charge slips containing the charge account number, the date of purchase, code numbers identifying the items purchased, the quantity of specific items purchased, the sale price of each item, and the signature of each of the appellants were admitted

into evidence. The code numbers appearing on the charge slips sufficiently identify the items purchased by identifying the individual departments from which they came; i.e.: ladies blouses; shoes; etc. The amounts of the charge slips were charged to appellants' accounts. A procedure for customer inquiries regarding charges made is set forth on the back of the monthly statements sent to Famous–Barr Company charge account customers. Appellants did not question their monthly statements. Additionally, Venture Stores, Inc. has a policy posted by store signs stating that it will meet all competitors' prices on purchases made within thirty days of the date of purchase. Viewing the evidence and its reasonable inferences therefrom, we conclude that respondent established by substantial evidence the items purchased, the correctness of the entries, and the reasonableness of the charges. Point denied.

In their second point, appellants contend that the trial court erred in admitting into evidence respondent's exhibits 7–17, 19(a), (b), and (c), and 22–27 in that they were outside the scope of respondent's pleadings and should not have been admitted into evidence over appellants' objection. The gravamen of their argument, however, contends that the pleadings were deficient because they failed to sufficiently itemize the accounts, and hence, the above exhibits were improperly admitted.

■ Initially, we note that "[p]rejudicial or reversible error in the admission or rejection of evidence is not an issue on appeal in any case tried before the judge without a jury." *City of Town and Country v. St. Louis County*, 657 S.W.2d 598, 608[15–17] (Mo. banc 1983). Further, appellants' failure to file a motion for a more definite statement constitutes a waiver of the pleading defects. *R——— v. M———*, 383 S.W.2d 894, 898–9[1, 2] (Mo. App.1964) and *Skillman v. Ballew*, 27 S.W.2d 1036, 1038–9[4–8] (Mo.App.1930). In any event, appellants were not prejudiced because a statement of the amount owed on each account was referred to in each petition and attached to each petition. Each statement contains the Famous–Barr

Company charge account numbers, the balance due, the billing date, the payment due date, the fact that the account has been suspended due to an unpaid balance, the annual interest rate charged, and the monthly interest rate charged. We conclude that the petitions sufficiently apprised the appellants of the charges against them. Point denied.

The judgment of the trial court is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d at 32[1–3].

Respondent's motion for dismissal of this consolidated appeal as frivolous and for damages is denied.

Judgment affirmed.

DOWD and HAMILTON, JJ., concur.