Sharon KEENE, et al.,
Plaintiffs–Appellants/Respondents,

v.

WILSON REFUSE, INC., Defendant,

v.

Aaron KEENE,
Intervenor/Appellant/Respondent.

No. 56279, 56288.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 17, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
May 30, 1990.

Application to Transfer Denied
July 31, 1990.

Dallas W. Cox, Jr., St. Louis, for plaintiffs-appellants/respondents.

Alan G. Kimbrell, St. Louis.

Ronald Boggs, St. Louis, for intervenor/appellant/respondent.

CARL R. GAERTNER, Judge.

Plaintiff, Wesley Keene, appeals from the trial court's judgment apportioning the proceeds of a settlement in a wrongful death action. Plaintiff–Intervenor, Aaron Keene, appeals from the trial court's judgment ordering him to pay one-third of his award to Wesley's attorney as attorney's fees. We affirm the judgment apportioning the settlement, but reverse the trial court's order awarding attorney's fees from Aaron's recovery to Wesley's attorney.

On April 8, 1988, Edgar Dean Keene died as a result of a collision between his auto and a truck owned and operated by Wilson Refuse, Inc. Sharon Keene, Edgar's widow, retained the services of Dallas W. Cox, Jr., an attorney, to pursue a wrongful death action against Wilson Refuse. Sharon signed a ⅓ contingency fee contract with Cox on her own behalf and on the behalf of her son Wesley, and Edgar's parents, Ed and Norma Keene. On April 8, 1988, Cox filed a one count petition against Wilson Refuse naming, as plaintiffs, Sharon, Wesley, and Ed and Norma Keene. On that same day, Cox wrote a letter to Emily Keene, Edgar's first wife, and Aaron Keene, Edgar's son from the first marriage, to notify Aaron of his right to maintain a cause of action against Wilson Refuse because of his father's death.

Upon receipt of Cox's letter, Emily and Aaron retained the services of Ronald L. Boggs, an attorney, to represent Aaron in this action. Aaron and his mother signed a one-third contingency contract with Boggs. On May 6, 1988, Boggs filed a Motion to Intervene on behalf of Aaron Keene, requesting that Aaron be joined as a separate plaintiff in the wrongful death action. On May 16, 1988, Boggs filed a Petition for Appointment of Next Friend, whereby Emily Keene sought appointment as next friend for her then minor son, Aaron. On the day of the settlement hearing, the trial court heard and granted these motions. While Boggs filed motions, attended depositions, and made appearances as needed to represent Emily and Aaron, Cox alone was responsible for the development and preparation of the liability aspects of the case.

On January 3, 1989, Cox filed a Motion for Approval of Settlement Offer and for Order of Apportionment Under § 537.095 RSMo. On January 13, 1989, after a hearing on these motions, the trial court approved a structured settlement with the present value of $750,000. The trial court then apportioned a gross award of $450,000 to Sharon; $144,000 to Wesley; $12,000 to Ed and Norma; and $144,000 to Aaron. The trial court awarded $250,000 of the $750,000 settlement to Cox as attorney's fees, ordering each plaintiff to pay one-third of the amount allocated to him or her plus a proportionate share of litigation expenses totaling $6,565.36. Thus, the trial court ordered Aaron to pay $48,000—one-third his recovery—to Cox as attorney's fees and 19.2 percent of the litigation expenses, even though Aaron had not signed a contract with Cox. The trial court awarded no compensation to Boggs, Aaron's attorney. This appeal followed.

Wesley's only point on appeal addresses the trial court's apportionment of the settlement. Specifically, Wesley claims that an award of $144,000 for both Wesley and Aaron is unsupported by substantial evidence because Wesley's loss, as measured by the factors set forth in § 537.090 RSMo 1986 exceeded that of Aaron's. Essentially, Wesley maintains that he, at age ten, lost a close and continuing relationship upon his father's death and that Aaron, at age seventeen, suffered less of a loss because Aaron had limited contact with his father since his parents divorced in 1974. According to Wesley, his "actual losses" exceed those of Aaron's in both quality and duration; yet the equal monetary awards fail to reflect this fact. Thus, Wesley claims that the trial court erred in apportioning an equal award to both Wesley and Aaron.

■ When reviewing the decision of a trial court, we must affirm the decision unless the judgment is unsupported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). When reviewing a bench trial where no findings of

fact or conclusions of law were requested, we view the evidence in the light most favorable to the prevailing party and disregard all contrary evidence. *May Department Stores Co. v. Queen*, 771 S.W.2d 835, 836 (Mo.App.1989). Here, we review the trial court's apportionment of a settlement in a wrongful death action by the same standard with which an appellate court reviews a trial court's determination of damages and will not interfere unless the verdict is grossly excessive or inadequate. *Farr v. Schoeneman*, 702 S.W.2d 512, 515 (Mo.App.1985).

Section 537.090 RSMo 1986 provides in part: "[T]he trier of the facts may give to the party or parties entitled thereto such damages as the trier of the facts may deem fair and just for the death and loss thus occasioned...." Section 537.095.3 RSMo 1986 authorizes the trial court then to "... enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court." The legislature chose to place the duty and responsibility of apportionment of losses in a wrongful death case squarely within the determination of the trial court. *Motley v. Colley*, 769 S.W.2d 477, 479 (Mo.App.1989). We neither approve nor disapprove of the apportionment of a settlement. We only rule on whether the trial court was within the discretion granted by statute and whether the trial court's determination of losses is supported by substantial evidence. *Farr v. Schoeneman*, 702 S.W.2d 512, 515 (Mo.App.1985); *Glasco v. Fire and Casualty Insurance Co.*, 709 S.W.2d 550, 555 (Mo. App.1986).

Here, the trial court determined after weighing all the evidence that the losses suffered by Wesley and Aaron merited awards of $144,000. While the losses suffered by each were concededly not the same, the trial court still could reasonably determine that their losses merited equal awards. Fixing a monetary value upon the loss suffered by a child deprived of future parental "companionship, comfort, instruction, guidance, counsel, training" of necessity involves resort to speculation and subjectivity. In attempting to measure the child's loss the demonstrated need of the child for such intangibles is a factor to be considered. The benefits flowing to a child from the relationship with his or her father and the correlative loss sustained by reason of the father's death are not always susceptible of measurement simply by reference to the frequency of contact and the time of association. The term "quality time" is often used by modern sociologists in connection with the relationship between working parents and their children. The quality of time spent together is not determined by the clock but rather upon the fulfillment of the needs which vary from child to child, from age to age.

The trial court heard the testimony of Emily and Aaron regarding Aaron's situation in life and the relationship with his father. The trial court concluded that Aaron deserved a similar monetary award to that of Wesley's even though Aaron saw his father less frequently. In light of the evidence adduced at trial, we are unprepared to hold that an award of $144,000 to Aaron was so grossly excessive as to constitute an abuse of discretion by the trial court or that such an award was unsupported by substantial evidence.

Aaron's sole point on appeal challenges the trial court's judgment ordering Aaron to pay $48,000 of his award as attorney's fees to Cox, Wesley's attorney. Aaron claims that the trial court erred in awarding one-third of his recovery to Cox and no compensation to his own attorney, Boggs. Aaron bases this contention on the lack of a contract between Aaron and Cox and the existence of a one-third contingency fee contract between Aaron and Boggs. Since § 537.095.4(2) requires the trial court to order the claimant to pay "the attorneys' fees as contracted," Aaron claims that the trial court erred in failing to award compensation "as contracted" to Boggs.

Section 537.095.4(2) governs the award of attorneys' fees in wrongful death cases:

4. The court shall order the claimant: (2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted, or if there is no contract, or if the party sharing in the proceeds has no attorney

representing him before the rendition of any judgment or settlement, then the court may award the attorney who represents the original plaintiff such fee for his services, from such persons sharing in the proceeds, as the court deems fair and equitable under the circumstances.

At the hearing Emily Keene testified that she and Aaron had a written contract with Boggs providing for a one-third contingent fee. Apparently, the trial court overlooked this testimony because at the conclusion of the evidence the Judge remarked "the only contract I've heard about is the one-third contingent fee that Dallas [Cox] has [with Sharon Keene]." At this point Boggs produced his written contract and the court stated "I'll call that Aaron's Exhibit A." Thus, the written contract between Emily, Aaron and Boggs, having been marked, identified and referred to, became a part of the record before the trial court. *Sansone v. Londe*, 753 S.W.2d 339, 342 (Mo.App.1988); *Missouri Commercial Invest. Co. v. Employers Mutual Casualty Co.*, 680 S.W.2d 397, 400 (Mo.App.1984).

Section 537.095.4(2) requires the trial court to order the payment of "attorney's fees as contracted." Only "if there is no contract, or if the party sharing in the proceeds has no attorney representing him" does the court have discretion to award a fee to the original plaintiff's attorney from the funds allocated to others sharing in the proceeds. Under the circumstances the clear language of the statute does not authorize an award of attorney's fees "as the court deems fair and equitable." [1]

Therefore, the argument strenuously asserted by Cox, concerning the unconscionability of the payment of one-third of Aaron's recovery to Boggs who expended little effort to effect the recovery, is not viable on this appeal. The statute simply does not permit the trial court or this court to consider the question of conscionability or fairness where a valid contract between attorney and client is in evidence. If there is an issue of unconscionability or fairness regarding a contingent fee contract in a wrongful death case, the legislature has seen fit to leave it as a matter between the client and his attorney who is subject to the letter and to the spirit of the Supreme Court Rules of Professional Conduct.

■ The language of the statute also underlies our rejection of Cox's contention that he is entitled to a fee from Aaron's share of the "common fund" created through his efforts. In failing to follow the clear language of § 537.095.4(2) by ordering payment of attorney's fees "as contracted" the trial court erred.

■ Although complaining in his brief that he should not be required to pay a proportionate share of the expenses of an expert witness hired by Cox for the purpose of minimizing Aaron's share of the recovery, Aaron has only appealed from that part of the court's order that requires him to pay $48,000 as attorney's fees to Cox. Thus, we are precluded from addressing other issues.

Accordingly, the trial court's order that the $750,000 settlement be apportioned $450,000 to Sharon Keene, $144,000 to Wesley Keene, $12,000 to Ed and Norma Keene jointly, and $144,000 to Aaron Keene is affirmed. The order that each of them pay a proportionate share of litigation expenses totaling $6,565.36 to Dallas W. Cox, Jr., is affirmed. The order that Sharon, Wesley, Ed and Norma Keene respectively pay Dallas W. Cox, Jr., one-third of the settlement amount apportioned to each them is affirmed. The order that Aaron Keene pay one-third of his share of the settlement to Dallas W. Cox, Jr., as an attorney's fee is reversed. The cause is remanded for further proceedings not inconsistent with this opinion.

HAMILTON, P.J., and STEPHAN, J. concur.

---

1. Although Aaron was seventeen years old when the contract with Boggs was signed, he has made no effort to repudiate the contract and has continued to accept Boggs' representation after attaining his majority. Accordingly, § 507.184 RSMo1986 which authorizes the court to exercise discretion in the approval of a contract between an attorney and a minor's next friend or guardian as a part of a settlement of a minor's law suit has no application here.