Vickie HESS, Plaintiff–Respondent,

and

Barry Haley, Plaintiff–Appellant,

v.

Joel CRAIG, Defendant.

No. ED 78132.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 17, 2001.

Russell F. Watters, Ryan J. Gavin, Brown & James, P.C., St. Louis, MO, for appellants.

Michael P. Corrigan, The Padberg Law Firm, St. Louis, MO, for respondent.

JAMES R. DOWD, Judge.

Vickie Hess and Barry Haley, the divorced parents of decedent Michael Haley, settled a wrongful death claim with State Farm Auto Insurance Company after Michael was killed in an automobile accident. The trial court entered its Judgment and Order approving the settlement for the $50,000 policy limits, giving one third to the father, one third to the mother and one third to the Mother's Law Firm. Father appeals, arguing that he had no contract with the law firm to represent him and that the court failed to follow § 537.095

RSMo, which requires the court first to allocate damages to each party entitled to recover and only then award attorneys' fees representing an amount that is "fair and equitable under the circumstances." We reverse.

On December 3, 1999, Michael Haley was killed in an automobile accident with a vehicle operated by Joel Craig. Craig was an insured on an automobile insurance policy issued by State Farm Mutual Automobile Insurance Company, with a policy limit of $50,000. Michael Haley was survived by his mother, Vickie Hess, and father, Barry Haley, who are now divorced. Father contacted State Farm and requested a settlement for the policy limits on December 13, 1999. Mother entered into a contingency fee contract with the Padberg Law Firm to represent her in the wrongful death suit. State Farm was notified that mother had retained counsel by letter dated January 11, 2000. Father elected to proceed pro se and deal directly with State Farm. By separate letters to mother and the Padberg Law Firm, dated January 31, 2000, State Farm offered the policy limit of $50,000 for the wrongful death of Michael Haley.

On April 12, 2000 the parties filed an application for approval of a wrongful death settlement. On May 19, 2000 a hearing was held. Father, appearing pro se, testified that he desired the court to approve a settlement distributing one-half to mother and one-half to himself. Mother was asked by her attorney if she was "asking the Court to approve the settlement with half of the proceeds going to you after deduction of my fee ... ?" She said yes.

The court then entered its Judgment and Order approving a wrongful death settlement and distribution giving the law firm one third of the entire $50,000 settlement and splitting the remaining two-thirds between father and mother evenly. Father appeals, arguing that the court failed to apportion damages prior to awarding attorneys' fees, and that the $16,666.66 apportioned to the law firm was not "fair and equitable under the circumstances," as required by § 537.095.4 RSMo.

The duty and responsibility of apportionment of losses in a wrongful death action lies within the sound discretion of the trial court. An appellate court will reverse the trial court's judgment only if the ruling is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law, and will not disturb the trial court's apportionment unless it is grossly excessive or inadequate. *Kavanaugh v. Mid–Century Ins. Co.*, 937 S.W.2d 243, 246 (Mo.App.1996). The trial court is not bound by a set percentage or a minimum; rather, the trial court must exercise its discretion and, as instructed by the statute, distribute the proceeds "in proportion to the losses suffered by each as determined by the court." *Parr v. Parr*, 16 S.W.3d 332, 337 (Mo.2000).

The procedure for allocating damages or approving a settlement is set forth in section 537.095, which in relevant part, provides:

3. In any action for damages under section 537.080, the trier of the facts shall state the total damages found, or upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court.

In *Parr v. Parr*, 16 S.W.3d 332 (Mo.2000) the Missouri Supreme Court made clear

that § 537.095 requires the trial court to apportion damages *before* allocating attorney fees. The court said:

> **After apportionment,** subsection 4 instructs the court to order the claimant:
> (1) To collect and receipt for the payment of the judgment;
> (2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted, or if there is no contract, or if the party sharing in the proceeds has no attorney representing him before the rendition of any judgment or settlement, then the court may award the attorney who represents the original plaintiff such fee for his services, from such persons sharing in the proceeds, as the court deems fair and equitable under the circumstances;

*Id.* at 338 (emphasis added).

The trial court must first apportion damages "among those persons entitled thereto in proportion to the losses suffered by each as determined by the court." § 537.095 RSMo. It must then hear evidence of the benefit received by the unrepresented plaintiffs from the participation of the law firm and allocate "such fee for his services, from such persons sharing in the proceeds, as the court deems fair and equitable under the circumstances." *Id.* Here, there was no equitable apportionment of the settlement amount or a finding of the value of the legal services provided by the law firm to the father. The judgment of the trial court is reversed and remanded for proceedings not inconsistent with this opinion.

CLIFFORD A. AHRENS, P.J., and WILLIAM H. CRANDALL, JR., J., concur.