CARGILL, INC., Plaintiff–Appellant,

v.

Charles POEPPELMEYER a/k/a Bill Poeppelmeyer a/k/a Chuck Poeppelmeyer d/b/a B&B Farms, Defendant–Respondent.

No. SD 30267.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 21, 2010.

Daniel P. Finch, Jason C. Comstock, Cape Girardeau, for Appellant.

Russell D. Oliver, Bloomfield, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Cargill, Inc. ("Appellant") appeals the trial court's denial of its motion to confirm an arbitration award against Charles Poeppelmeyer ("Respondent") pursuant to the terms of a futures contract. We reverse the trial court's decision because it was not based on substantial evidence in that no evidence was taken.

Before the trial court were simply allegations and admissions from the pleadings and argument of counsel. Likewise, we

only have the same allegations and pleadings to review. As such, we set forth the allegations as well as we can.[1] In February, 2006, Appellant entered into a contract to purchase from Respondent 15,000 bushels of U.S. soft red winter wheat for a price of $4.18 per bushel, to be delivered in June or July of 2007. The contract contained a binding arbitration clause requiring any disputes arising out of the contract to be arbitrated by the National Grain and Feed Association ("NGFA"). The arbitration clause, in full, reads:

> Unless otherwise provided herein, this Contract, and all other grain contracts by and between Buyer and Seller, shall be subject to the Trade Rules of the National Grain and Feed Association (NGFA), which Trade Rules are incorporated herein by reference. The parties agree that the sole forum for resolution of all disagreements or disputes between the parties arising under any grain contract between Buyer and Seller or relating to the formation of any grain contract between Buyer and Seller shall be arbitration proceedings before NGFA pursuant to NGFA Arbitration Rules. The decision and award determined by such arbitration shall be final and binding upon both parties and judgment upon the award may be entered in any court having jurisdiction thereof. Copies of the NGFA Trade and Arbitration Rules are available from Buyer upon request and are available at www.ngfa.org. In addition to any damages otherwise provided by law, Buyer shall be entitled to recovery of its attorney's fees and costs.

Appellant claimed that Respondent failed to deliver the wheat, leading Appellant to seek redress through arbitration proceedings before the NGFA on October 16, 2007.

Consistent with its rules, the NGFA submitted an arbitration services contract to the parties. Section 5(e) of the NGFA's arbitration rules provides the following: "Where a party fails to pay the arbitration service fee and/or fails to execute the contract for arbitration, the National Secretary may without further submissions by the parties enter a default judgment or such other relief as the National Secretary deems appropriate." Respondent never executed the arbitration contract the NGFA sent him following his failure to deliver the 15,000 bushels of wheat. The NGFA subsequently entered a default judgment award against Respondent for $38,662.50, presumably the difference between the contract price and the market price of the wheat when delivery was due.

■ Appellant then filed a motion to confirm the arbitration award in the trial court. In his answer to the motion, Respondent claimed the NGFA's arbitration award was invalid in that: (1) the arbitrators exceeded their powers by violating an automatic Chapter 12 bankruptcy stay; (2) the arbitrators refused to postpone the hearing upon a sufficient cause being shown—the existence of a bankruptcy stay; and (3) the arbitration agreement was an adhesion contract. Following a hearing and rehearing in which no evidence was presented, the trial court denied Appellant's motion to confirm the arbitration award.

■ This Court will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is

---

1. Respondent did not submit a brief on appeal. While there is no penalty for Respondent failing to file a brief, this Court is then forced to adjudicate Appellant's claim of error without the benefit of whatever argument Respondent might have raised. *McClain v. Kelley,* 247 S.W.3d 19, 23 (Mo.App. S.D.2008).

against the weight of the evidence, or the court erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ A motion to confirm an arbitration award arising from a contract affecting commerce that includes a written arbitration provision is governed substantively by the Federal Arbitration Act ("FAA")[2] and procedurally by sections 435.400 and 435.425 of the Missouri Uniform Arbitration Act ("MUAA").[3] 9 U.S.C. section 2; *Parks v. MBNA America Bank*, 204 S.W.3d 305, 310 (Mo.App. W.D.2006) (citing *Edward D. Jones & Co. v. Schwartz*, 969 S.W.2d 788, 793 (Mo.App. W.D.1998)). This is because apparently the present case involves a dispute between a Delaware corporation and a resident of Missouri over the sale of grain and, as such, clearly affects interstate commerce. *Wickard v. Filburn*, 317 U.S. 111, 128–29, 63 S.Ct. 82, 87 L.Ed. 122 (1942); *Woermann Constr. Co. v. Sw. Bell Tel. Co.*, 846 S.W.2d 790, 792 (Mo.App. E.D.1993) ("[C]ontracts to be performed within one state have been found to involve commerce when the contracting parties are from different states[.]").

■ The sole requirement of a party moving for confirmation of an arbitration award is that he applies for it in the proper court. 9 U.S.C. section 9. Upon application to confirm an arbitration award, the court must confirm the award unless the opposing party moves to vacate or modify the award. *Id.* In vacating or modifying an arbitration award, the motion court is limited to the grounds set forth in 9 U.S.C. sections 10 and 11. 9 U.S.C. section 9. That is, unless the court vacates, modifies,

or corrects the award, the award must be confirmed. *Id.* The party challenging an arbitration award has the burden of demonstrating that the award is not valid. *Scharf v. Kogan*, 285 S.W.3d 362, 373 (Mo. App. E.D.2009). The Western District of this Court, in *Parks*, explained:

> As the party challenging the arbitration awards, [Respondent] had the burden of demonstrating that the awards were not valid. Although the petition alleged . . . statutory grounds for vacating the awards, no evidence was adduced to support those allegations. Conclusory allegations are insufficient to establish the invalidity of an award.

*Parks*, 204 S.W.3d at 311 (internal citations omitted).

In this case, Respondent failed to produce any evidence at either hearing.[4] Without Respondent bringing forth any evidence that any of the grounds set forth in 9 U.S.C. section 10(a) apply, the trial court's decision to not confirm the arbitration award was not based on any evidence, which, of course, renders it impossible for the decision to be based on substantial evidence.

We reverse the trial court's decision to deny Appellant's motion to confirm the arbitration award, and remand the case for further proceedings consistent with this opinion.

SCOTT, C.J., and FRANCIS, J., concur.

---

**2.** Federal Arbitration Act, 9 U.S.C. section 1 *et seq.* (2000).

**3.** All statutory references are to RSMo 2000, unless otherwise indicated.

**4.** The trial court heard arguments on the issues, but arguments from attorneys do not constitute evidence. *Weber v. Deming*, 292 S.W.3d 914, 918 (Mo.App. W.D.2009).