**CACV OF COLORADO, LLC, Respondent,**

v.

**Linda K. MUHLHAUSEN, as Personal Representative of the Estate of William N. Muhlhausen, Appellant.**

**No. SD 30272.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 27, 2011.

Motion for Rehearing or Transfer to Supreme Court Denied Feb. 22, 2011.

David C. Replogle, Marshfield, MO, for Appellant.

Robert A. Wulff, Springfield, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

Linda K. Muhlhausen [1] ("Appellant") appeals a judgment confirming an "Award" ("Arbitration Award") in favor of CACV of Colorado, LLC ("Respondent"), for the sum of $12,526.44, for William N. Muhlhausen's credit card debt with MNBA America Bank ("MNBA"). We affirm the judgment of the trial court.

---

1.  William N. Muhlhausen, against whom the judgment was entered, is deceased. Linda K. Muhlhausen is the personal representative of the Estate of William N. Muhlhausen and a Motion to Substitute Parties was granted by this Court on July 28, 2010. The term "Appellant" is inclusive of William N. Muhlhausen and Linda K. Muhlhausen.

## Factual and Procedural History

Respondent purchased an account from MNBA and is the assigned owner of Appellant's credit card debt. Respondent subsequently filed a claim with the National Arbitration Forum ("NAF").

On November 29, 2007, the NAF entered an Arbitration Award in favor of Respondent for the sum of $12,526.44. The arbitrator decided in part:

4. On or before 09/05/2007 the Parties entered into a written agreement to arbitrate their dispute.

   . . .

6. The Parties' Arbitration Agreement is valid and enforceable and governs all the issues in dispute.

7. This matter is arbitrable under the terms of the Parties' Arbitration Agreement and the law.

On November 30, 2007, the "Honorable Harold Kalina, Ret. Director," signed an "Acknowledgment and Certificate of Service" stating that pursuant to the "Parties' Arbitration Agreement," a copy of the Arbitration Award was sent to the parties by first class mail postage prepaid.

On June 17, 2009, Respondent filed its "Application for Confirmation of Arbitrators' Award" ("Application") in the Circuit Court of Christian County. The Application included a copy of the Arbitration Award and an MBNA "Credit Card Agreement Additional Terms and Conditions."

On July 7, 2009, Appellant was personally served with Respondent's Application at the same address recited in the Arbitration Award.

On July 17, 2009, Appellant filed a "Motion to Vacate Arbitration Award and to Dismiss for Lack of Jurisdiction" ("Motion") and "Affirmative Defenses." In the Motion, Appellant requested the Arbitration Award be vacated because: (1) he had not agreed to arbitrate disputes with Respondent; (2) he did not receive the Arbitration Award; (3) the Arbitration Award was not delivered to him personally or by registered mail; and (4) there was no arbitration agreement. In Appellant's Affirmative Defenses, Appellant denied Respondent had standing to sue, and pursuant to section 517.132, denied execution of a written arbitration agreement.

On November 3, 2009, a hearing on Respondent's Application and Appellant's Motion was conducted. At the hearing, no witness testimony was given. The only evidence offered and received was the Arbitration Award, which was sponsored by a business records affidavit. Appellant argued against confirmation of the Arbitration Award, but did not put on any evidence.

On November 23, 2009, the trial court made a docket entry confirming the Arbitration Award, including its rationale, and entered a separate judgment in favor of Respondent and against Appellant in the amount of $12,526.44. The judgment did not contain any findings of fact or conclusions of law. There were no after-trial motions filed. Appellant appeals this judgment.

Appellant alleges three errors in the trial court's judgment: (1) the trial court lacked jurisdiction to enter judgment because Respondent failed to provide evidence of a written agreement to arbitrate claims against Appellant; (2) the trial court was required to vacate the Arbitration Award because there was no arbitration agreement and the issue was not adversely determined in summary proceedings; and (3) Respondent failed to establish it had any interest in a written arbitration agreement governing Appellant's account. Respondent contends the trial court did not err in entering its judgment confirming the Arbitration

Award because: (1) the arbitrator found that an arbitration agreement existed between the parties and it was enforceable; (2) no timely objection to arbitration or to the Arbitration Award was made; and (3) Appellant's third point relied on is beyond the scope of appellate review in that it was not presented to the circuit court. The sole issue for determination is whether Appellant met her burden of demonstrating why the Arbitration Award should not be confirmed.

## Standard of Review

The trial court's judgment must be affirmed unless it is not based on substantial evidence, goes against the weight of the evidence, or is based on an erroneous declaration or application of the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Analysis

■ Although Appellant raises three points on appeal, we need not address them specifically because Appellant conceded during oral argument that if Appellant had the burden of production and burden of proof at the trial court level, she would be defeated because no evidence on behalf of Appellant was adduced during the hearing.

■ "The sole requirement of a party moving for confirmation of an arbitration award is that he applies for it in the proper court." *Cargill, Inc. v. Poeppelmeyer*, 328 S.W.3d 774, 776 (Mo.App. S.D.2010). In an application for confirmation, the law is clear; the party challenging the arbitration award has the burden of demonstrating the award is not valid. *Id.*; *Parks v. MBNA America Bank*, 204 S.W.3d 305, 310 (Mo.App. W.D.2006). Unless the award is vacated, modified, or corrected,

the court shall confirm the award. § 435.405.[2]

Here, Respondent did precisely what it was required to do pursuant to the direction of the court in *Parks*, 204 S.W.3d at 310. Respondent applied for confirmation of the Arbitration Award. Once Respondent filed its Application, the burden shifted to Appellant to demonstrate the Arbitration Award was not valid.

■ Appellant failed to produce any evidence at the hearing. Although the trial court heard arguments from the attorneys, arguments from attorneys do not constitute evidence. *Weber v. Deming*, 292 S.W.3d 914, 918 (Mo.App. W.D.2009). The only evidence entered at the hearing was a copy of the Arbitration Award and the sponsoring business records affidavit. Thus, Appellant did not meet her burden of demonstrating the invalidity of the Arbitration Award. As such, the trial court was required to confirm the Arbitration Award. *Parks*, 204 S.W.3d at 311; *Cargill*, 328 S.W.3d at 776.

■ Appellant specifically urges this Court to depart from the holding in *Parks* by arguing *Parks* erroneously states the law because it disregards section 435.430, which clearly and unambiguously requires the existence of a written arbitration agreement to confer authority on the court to confirm an arbitration award. Appellant only cites to non-binding authority in support of this contention. "Though meriting our respect, decisions of the federal district and intermediate appellate courts and decisions of other state courts are not binding on us." *Doe v. Roman Catholic Diocese of St. Louis*, 311 S.W.3d 818, 823 (Mo.App. E.D.2010). We decline to depart from clear precedent set in *Parks* as Appellant has presented no compelling basis

---

**2.** All references to statutes are to RSMo 2000, unless otherwise indicated.

for us to do so.[3]   Although the procedure for confirming an arbitration award may in fact be unfair to Missouri consumers, Appellant's argument may be more aptly addressed by the General Assembly.

Since Appellant failed to meet her burden of demonstrating the invalidity of the Arbitration Award, the trial court was required to confirm the Arbitration Award. The judgment of the trial court is affirmed.

SCOTT, C.J., Concur.

RAHMEYER, P.J., Concurs in principal opinion and separate concurring opinion.

NANCY STEFFEN RAHMEYER, Presiding Judge.

I concur in the majority opinion.   I write separately to note that I do not agree with *Parks v. MBNA America Bank*, 204 S.W.3d 305 (Mo.App. W.D. 2006), in toto.   I disagree with *Parks* to the extent that it is cited for the proposition that the trial court must accept an arbitrator's determination that there was a binding arbitration agreement.   I agree that, in this case, Appellant failed to produce any evidence to even challenge the presence of an agreement to arbitrate.

**3.**   In support of Appellant's position encouraging a departure from *Parks*, she cites to *MBNA America Bank, N.A. v. Credit*, 281 Kan. 655, 132 P.3d 898 (2006), where the Supreme Court of Kansas affirmed the trial court's decision vacating an arbitration award because the MBNA failed to show: (1) arbitrator had jurisdiction to arbitrate dispute; and (2) an arbitration agreement existed.   However, the facts in *Credit* are distinguishable from the case at hand.   Significantly, Credit timely objected to the arbitrator, contesting the existence of an agreement to arbitrate.   The court found that "[u]nder both federal and state law, Credit's objection to the arbitrator meant the responsibility fell to MBNA to litigate the issue of the agreement's existence." *Credit*, 132 P.3d at 900.   In contrast to *Credit*, Appellant has not alleged or presented any evidence that there was a challenge to the arbitration prior to the arbitration.