

# Missouri Court of Appeals
## Southern District

### In Division

J.A.L. and J.L.L. b/n/f KAYLA MASON )
and K.L. b/n/f AMANDA LEWIS and )
DIANE LEWIS-CAMPBELL, )
)
      Plaintiff-Appellant, )
)
      v. )      No. SD37860
)
KARL SCOTT LAMBERT and )      **Filed: January 8, 2024**
JOSEPH SCOTT LAMBERT, )
)
      Defendants-Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF CARTER COUNTY

The Honorable Steven A. Privette, Judge

### <u>AFFIRMED</u>

Diane Lewis-Campbell ("Ms. Lewis-Campbell") settled a wrongful death claim following the loss of her son pursuant to section 537.095.[1] She now appeals the trial court's judgment ordering her and the other claimants to pay their attorney's fees as contracted from their share of the settlement proceeds. We affirm.

---

[1] All references to statute are to RSMo Cum.Supp. 2022, unless otherwise indicated.

**Factual Background and Procedural History**

Johnathan Lewis ("Decedent") died on June 27, 2021, after falling from a cliff into the Current River on property owned by Karl Scott Lambert and Joseph Scott Lambert (collectively, "the Lamberts"). Decedent was survived by his mother, Ms. Lewis-Campbell, and his three minor children, J.A.L., J.L.L., and K.L (collectively, "Decedent's children"). Ms. Lewis-Campbell retained counsel to engage with the Lamberts' insurers. Ms. Lewis-Campbell's counsel secured one offer of $1 million to the class one claimants in exchange for an executed release, and another offer to pay the class one claimants $1.5 million, amounting to a total settlement of $2.5 million. The mothers of Decedent's children hired their own counsel just over one month after the case settled but before the trial court approved or apportioned any settlement. Apportionment of the settlement was contested.

The trial court held hearings on the contested apportionment and to approve and distribute the proceeds of the settlement pursuant to section 537.095. Ms. Lewis-Campbell proposed each claimant receive a fourth ($625,000 per person) of the settlement proceeds. She also admitted the attorney's fees contract between her attorney and herself into evidence. It provided Ms. Lewis-Campbell would pay her attorneys 40% of all amounts collected after the lawsuit was filed. The mothers of Decedent's children proposed the trial court apportion $100,000 of the settlement to Ms. Lewis-Campbell with the rest split evenly ($800,000 per child) among Decedent's children. Each mother contracted to pay 33 1/3% of any settlement to their attorney for fees, contingent upon recovery.

2

The trial court approved the settlement as fair and reasonable and apportioned the funds. Its judgment awarded $250,000 to Ms. Lewis-Campbell and $750,000 to each of Decedent's children. The trial court further determined Ms. Lewis-Campbell and Decedent's children had valid attorney's fee contracts with their respective attorneys and ordered that "each party shall honor their attorney's fee contract at distribution" and "[d]educt and pay the expenses of recovery and collection of the judgment and attorney's fees as contracted[.]" This appeal followed.

**Standard of Review and the Law at Issue**

> In reviewing the apportionment of wrongful death damages, "[a]n appellate court will reverse the trial court's judgment only if the ruling is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law[.]" *Parr v. Parr*, 16 S.W.3d 332, 336 (Mo. banc 2000).

*Macke v. Patton*, 591 S.W.3d 865, 870 (Mo. banc 2019) (alteration in original).

Any party authorized to bring a wrongful death action under section 537.080 may reach a settlement on behalf of all claimants and seek trial court approval of the settlement, provided adequate notice is provided to all potential claimants. Section 537.095.1 ("Any settlement or recovery by suit shall be for the use and benefit of those who sue or join, or who are entitled to sue or join, and of whom the court has actual written notice."); *see also* *Braughton v. Esurance Ins. Co.*, 466 S.W.3d 1, 13 (Mo. App. W.D. 2015) ("[S]ection 537.095.1 expressly authorizes one wrongful death beneficiary to serve as the 'class representative' for all beneficiaries, whether or not named."). After approving a settlement, the trial court follows a two-step process with respect to the proceeds. First, the trial court apportions the funds "in proportion to the losses suffered by each *as determined by the court*." *Macke*, 591 S.W.3d at 870-71 (quoting section

3

537.095.3).  The trial court is empowered to apportion funds as it deems "fair and just" at this stage and is not bound by any set percentage or minimal amount of required recovery.  *Id.* at 871 (quoting section 537.090).  Second, the trial court orders the claimants, in part:

> (1)  To collect and receipt for the payment of the judgment; [and]
>
> (2)   To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted, or if there is no contract, or if the party sharing in the proceeds has no attorney representing him before the rendition of any judgment or settlement, then the court may award the attorney who represents the original plaintiff such fee for his services, from such persons sharing in the proceeds, as the court deems fair and equitable under the circumstances[.]

Section 537.095.4.  The trial court must apportion the settlement proceeds among the claimants before accounting for attorney's fees.  *Parr*, 16 S.W.3d at 338, *overruled in part on other grounds by Macke*, 591 S.W.3d at 870 n.4; *Hess v. Craig*, 43 S.W.3d 457, 458-59 (Mo. App. E.D. 2001).

**Analysis**

Ms. Lewis-Campbell raises two claims of error related to how the trial court's judgment awarded attorney's fees for counsel representing Decedent's children.  We reject both points.

Point I:  The Trial Court did not Err by Ordering Ms. Lewis-Campbell and Decedent's Children to Pay the Attorney's Fees "As Contracted".

Ms. Lewis-Campbell's Point I reads, "The trial court erred in how it awarded attorney's fees because the award violated Rule 4-1.5 of the Missouri Rules of Professional Conduct in that" the fees paid to the attorney representing Decedent's

4

children are unreasonable.[2] Ms. Lewis-Campbell argues that the trial court should have reduced the attorney's fees awarded to the attorney for Decedent's children and then reallocated the difference from those reduced attorney's fees to herself. Specifically, that the attorney's fees paid by Decedent's children be reduced to $250,000 in total down from $750,000. According to Ms. Lewis-Campbell, because the contracted attorney's fees paid to the attorney for Decedent's children were "unreasonable" per Rule 4-1.5, the contract between Decedent's children and their attorney was void, and the trial court should have therefore adjusted the contracted rate rather than award fees "as contracted" under section 537.095. She argues that, once the attorney's fees awarded to the attorney for Decedent's children are reduced, that reduction "will need to be reapportioned, including to [Ms. Lewis-Campbell]." Essentially, to reach Ms. Lewis-Campbell's desired results, the trial court would need to reapportion the entire settlement among the claimants to reach new attorney's fees amounts she deems appropriate for all attorneys involved.

The Rules of Professional Conduct define a lawyer's role and professional standards for attorney disciplinary purposes. Rule 4, Scope, paragraph [14]. Rule 4-1.5 prohibits attorneys from charging unreasonable fees and expenses based on the consideration of eight non-exhaustive factors. Rule 4-1.5, Comment, paragraph [1]. A violation of this rule can warrant discipline, and we may use the Rules to evaluate the reasonableness of attorney's fees. *Landwehr v. Hager*, 612 S.W.3d 220, 225 (Mo. App. E.D. 2020). But "violation of a Rule does not necessarily warrant any other nondisciplinary remedy[.]" *Id.* (quoting Rule 4, Scope, paragraph [20]). "Furthermore,

---

[2] All rule references are to Missouri Court Rules (2023), unless otherwise indicated.

the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons." *State ex rel. Wallace v. Munton*, 989 S.W.2d 641, 644 (Mo. App. S.D. 1999) (quoting Rule 4, Scope, paragraph [20]).

To determine whether the trial court should have considered Rule 4-1.5, we are guided by the plain language of section 537.095. *See **Parktown Imports, Inc. v. Audi of Am., Inc.***, 278 S.W.3d 670, 672 (Mo. banc 2009) ("This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue."). Section 537.095 provides a trial court may allocate attorney's fees in a "fair and equitable" manner among the settlement beneficiaries but only "if there is no contract, or if the party sharing in the proceeds has no attorney representing him before the rendition of any judgment or settlement[.]" Section 537.095.4(2). If a contract for representation exists, the trial court must award them "as contracted[.]" *Id.* There is no room in this language to weigh Rule 4-1.5, the reasonableness of attorney's fees, or any other factor. "The statute simply does not permit the trial court or this court to consider the question of conscionability or fairness where a valid contract between attorney and client is in evidence." *Keene v. Wilson Refuse, Inc.*, 788 S.W.2d 324, 327 (Mo. App. E.D. 1990), *overruled in part on other grounds by **Macke***, 591 S.W.3d at 870 n.4.

Our interpretation of section 537.095 aligns with precedent. *Keene* held a settlement beneficiary did not have to pay the fees for the original claimant's counsel when he retained his own attorney for the settlement-approval proceedings. *Keene*, 788 S.W.2d at 327. Instead, per section 537.095, each claimant paid their own fees as contracted. *Id.* Other districts of this Court have similarly determined claimants pay their attorney's fees "as contracted" without qualification. *See **Collins v. Hertenstein***,

181 S.W.3d 204, 215 (Mo. App. W.D. 2005) (affirming an attorney's fees award based on a contract between counsel for appellant and cross-appellant's law firm); *see also Kavanaugh v. Mid-Century Ins. Co.*, 937 S.W.2d 243, 247 (Mo. App. W.D. 1996) ("Section 537.095.4(2) requires the court to order payment of attorney fees as contracted."); *Glasco v. Fire & Cas. Ins. Co.*, 709 S.W.2d 550, 555 (Mo. App. W.D. 1986) (stating similar).[3] The Supreme Court of Missouri also clarified that a settlement apportionment being "grossly excessive or inadequate" is irrelevant to the applicable standard of review. *Macke*, 591 S.W.3d at 870 n.4 (quoting *Parr*, 16 S.W.3d at 336). Following *Macke*, our standard of review does not examine whether the trial court's award of contracted attorney's fees was reasonable, excessive, or fair.

Notwithstanding cases like *Keene*, Ms. Lewis-Campbell asserts we should follow *Clark v. General Motors, LLC*, 161 F.Supp.3d 752 (W.D. Mo. 2015). In *Clark*, the United States District Court for the Western District of Missouri rejected a wrongful death settlement because of an attorney's fee arrangement. *Id.* at 769. It decided to evaluate the fee arrangement using Rule 4-1.5's factors and then recalculated the attorney's fees at a *quantum meruit* rate. *Id.* at 758-69.

We find *Clark* has limited value here. *Clark* premised the application of Rule 4-1.5 on *Eng v. Cummings, McClorey, Davis & Acho, PLC*, 611 F.3d 428 (8th Cir. 2010), which did not address section 537.095. 161 F.Supp.3d at 759. The approach of Missouri's federal courts to section 537.095 is also, at best, inconsistent. Some courts apply Rule 4-1.5 to the attorney's fee award. *E.g.*, *Lang v. Mino Farms, Inc.*, No. 15-

---

[3] *Collins*, *Kavanaugh*, and *Glasco* were all overruled in part on other grounds by *Macke*, 591 S.W.3d at 870 n.4.

CV-6069-SJ-DGK, 2016 WL 4031230, at *2 (W.D. Mo. July 26, 2016). Several others conclude they cannot modify a contract for attorney's fees based on section 537.095's plain wording. *See*, *e.g.*, **Flowers v. United States**, No. 17-01028-CV-W-LMC, 2021 WL 412275, at *4 (W.D. Mo. Feb. 5, 2021) ("[T]his Court is tasked only with determining that a contract between the parties existed and if so, then approving payment under the contract."); *see also* **Lewis v. Blue Springs Sch. Dist**., No. 4:17-CV-00538-NKL, 2018 WL 1126751, at *2 (W.D. Mo. Mar. 1, 2018) ("[I]f plaintiff, and her husband, have signed a fee agreement, a court cannot modify this contract when approving the wrongful death settlement."); **Brown v. Davis**, No. 4:12-CV-00649-AGF, 2015 WL 331495, at *3 (E.D. Mo. Jan. 26, 2015) ("[P]ursuant to Mo.Rev.Stat. [section] 537.095.4, the Court orders Plaintiffs, upon collection and receipt of their portions of the judgment, to pay any attorneys' fees and expenses as contracted out of their respective portions."), *aff'd*, 813 F.3d 1130, 1139 (8th Cir. 2016).

Thankfully we need not resolve this apparent conflict in federal jurisprudence. Though they can be persuasive, federal district court decisions are not binding on this Court. **CACV of Colo., LLC v. Muhlhausen**, 345 S.W.3d 258, 260 (Mo. App. S.D. 2011). We are instead bound by the latest decisions of the Supreme Court of Missouri. **Nationwide Transfer LLC v. Neally L., LLC**, 674 S.W.3d 488, 492 (Mo. App. S.D. 2023). The Supreme Court of Missouri instructs us to read section 537.095 as written. *See* **Am. Fam. Mut. Ins. Co. v. Ward**, 774 S.W.2d 135, 137 (Mo. banc 1989) (interpreting section 537.095 using its plain and natural meaning). Our reading confirms the trial court did not err by ordering Ms. Lewis-Campbell and Decedent's children to deduct and pay the attorney's fees "as contracted." Point I is denied.

Ms. Lewis-Campbell argues in her second point that the trial court erred in how it awarded attorney's fees because section 537.095.4(2) requires fees to be apportioned to the settling law firm, her attorneys, and not counsel for Decedent's children. Section 537.095.4(2) authorizes trial courts to order all settlement beneficiaries to pay the attorney's fees for the original plaintiff who filed and requested court approval of the settlement. However, this provision only applies if there is no contract or "if the party sharing in the proceeds has no attorney representing him before the rendition of any judgment or settlement[.]" *Minor v. Terry*, 475 S.W.3d 124, 135 (Mo. App. E.D. 2014) (quoting section 537.095.4(2)), *overruled on other grounds by Vacca v. Missouri Dep't of Lab. & Indus. Rels.*, 575 S.W.3d 223, 235 (Mo. banc 2019).

Ms. Lewis-Campbell does not dispute Decedent's children had counsel or a contract for representation. She nonetheless maintains section 537.095.4(2) requires Decedent's children to contribute to her attorney's fees because no attorney represented them "prior to the settlement[.]" Ms. Lewis-Campbell believes her interpretation of the statute is correct because it will then "award fees to the attorney who actually did the work to secure a settlement for wrongful death beneficiaries" as opposed to counsel for Decedent's children, who she describes as a "last-minute attorney benefiting handsomely from something he had no part in creating." This argument is rooted in notions of fairness and, as such, is not viable in light of section 537.095. *Keene*, 788 S.W.2d at 327.

The statute's plain language permits a sharing of attorney's fees only if Decedent's children had no counsel "before **the rendition of any judgment or settlement**[.]" Section 537.095.4(2) (emphasis added). "Rendition" refers to "making,

9

delivering, or giving out, such as a legal decision[.]" BLACK'S LAW DICTIONARY 1550 (11th ed. 2019). "A court's written order is 'rendered' upon filing." *Id.* Because a wrongful death settlement only becomes effective for all claimants upon "approval of any circuit court," the judgment approving the settlement is the operative "rendition" here. Section 537.095.1. Until its approved, a settlement is subject to rejection and thus not rendered. While Decedent's children did not retain counsel before Ms. Lewis-Campbell secured a proposed settlement, they did have legal representation before the trial court rendered the judgment by approving it. The attorney's fee sharing provision of section 537.095.4(2) therefore did not apply.

Moreover, courts must read statutes to avoid absurd results that defeat the purpose of the legislation. *Wood v. Dir. of Revenue*, 668 S.W.3d 292, 301 (Mo. App. S.D. 2023). One purpose of section 537.095 is to enable claimants to intervene "[w]hen any settlement is made" but "before any judgment is entered or settlement [is] approved[.]" Section 537.095.2. This language clearly contemplates parties defending their interests through separate counsel before a settlement is approved and apportioned. S*ee*, *e.g.*, *Martin v. Busch*, 360 S.W.3d 854, 858 (Mo. App. E.D. 2011) (appellants sought intervention "before the settlement had been approved by the circuit court"); *see also Glasco*, 709 S.W.2d at 552 (decedent's father intervened after decedent's mother and grandmother obtained a settlement offer). A right of intervention is necessary because, once a wrongful death settlement is achieved, "the respective claimants become adversaries in the carving of the pie, and **all are entitled to the unencumbered services of their individual counsel**." *Floyd v. Shaw*, 830 S.W.2d 564, 566 (Mo. App. E.D. 1992) (emphasis added).

10

Following Ms. Lewis-Campbell's reading of the statute, Decedent's children could intervene, but they would have to pay her attorney's fees because she accepted a settlement offer first. This creates an absurd result of effectively undermining the statutory right of intervention. If intervening claimants have to pay their attorney's fees in addition to the original claimant's fees, they will be uniquely disadvantaged to contest apportionment. This arrangement could be particularly unjust where the original claimant's proposal is inequitable and requires protracted litigation. Given this absurd result and Ms. Lewis-Campbell's failure to identify any authority adopting her interpretation of the statute, we reject it. Point II is denied.

**Conclusion**

Ms. Lewis-Campbell's interpretations of section 537.095 under Points I and II are contrary to its plain language. The statute does not permit trial courts to modify contracted attorney's fees using Rule 4-1.5, and it provides fee sharing only when claimants have no contracted counsel before the rendition of the settlement. The trial court's judgment is affirmed.


JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

DON E. BURRELL, J. – CONCURS